79 So.2d 322

SUCCESSION of Henry GAINES.

(Consolidated with)

SUCCESSION of Delphine JACKSON, No. 41666.

Hattie Gaines CAIN et al.

v.

Annie Jackson BOUDOUSQUE et al. No. 41602.

Lewis M. KAUFMAN

v.

James JACKSON, Jr. et al., No. 41603.

No. 40713.

Feb. 14, 1955.

Rehearing Denied March 21, 1955.

See, also, La.App., 68 So.2d 127; 227 La. 327, 79 So.2d 326.

C. Cyril Broussard, Baton Rouge, for appellant.

Charles E. Richards, New Orleans, for appellee.

Opinion No. 1 of Consolidated Cases

MOISE, Justice.

This appeal is prosecuted by the defendants from a judgment rendered by the Civil District Court for the Parish of Orleans in favor of

1. Elizabeth Gaines, Wife of Albert Ross, who is a daughter of the deceased, Henry Gaines; and

2. Mary Helton, Wife of Albert Cunningham, and

3. John Dennis Helton, who are the children of Hattie Gaines Helton, a deceased daughter of Henry Gaines.

The judgment maintained the legitimacy of Elizabeth Gaines Ross and Hattie Gaines Helton, and it named Elizabeth Gaines Ross, Mary Helton Cunningham and John Dennis Helton as the sole and only heirs of the deceased, Henry Gaines.

The appellants are Hattie Gaines, Widow of Willie Cain, and Hettie Gaines, Wife of Abe Smith, who are sisters of the deceased, Henry Gaines. They have pleaded the incapacity of plaintiffs to be the heirs of Henry Gaines and assigned as a reason therefor that Elizabeth Jackson, the mother of Elizabeth Gaines Ross and Hattie Gaines Helton, was never married to Henry Gaines.

The first thing to be determined in these consolidated cases, by way of chronological listing to make the issues understandable, is: *"Who are the heirs of Henry Gaines?"*

The record discloses that Hattie Gaines Cain, the appellant sister, testified that her brother, Henry Gaines, was married but once and then to Mittie Williams, and that Mittie Williams departed this life without issue in 1932. She stated that she and her brother, Henry Gaines, lived in the same house with their mother, and that to her knowledge her brother never married Elizabeth Jackson, who was his step-sister. This testimony is contradicted. There is the direct testimony of Mary Jackson, who swears that she actually witnessed the marriage

227 La.—11

between Elizabeth Jackson and Henry Gaines and that the ceremony was performed in the home by a preacher.

On the question of proof, we find that some of the witnesses for the defendants swore that they had no knowledge of Henry Gaines' having been married to any person other than Mittie Williams.

The testimony of the appellant, Hattie Gaines Cain, was uncertain. Because of the many contradictions shown in the record, we believe that the trial judge, who saw and heard her on the witness stand, did not attach much reliance to her testimony.

On the other hand, the record discloses that the plaintiffs were unable to produce birth certificates of Elizabeth Gaines Ross and Hattie Gaines Helton and a marriage license between Henry Gaines and Elizabeth Jackson. There is assigned the reason therefor that no records were kept.

Elizabeth Gaines Ross, appellee, testified that she was young when her mother died; that she and her sister, Hattie Gaines Helton, were reared by their stepmother; that she was sent to school by her father, Henry Gaines, and that he was known as her father. There is shown in the record that Henry Gaines named Elizabeth Gaines Ross as the beneficiary of an insurance policy, and that it was stated in that policy that she was his daughter. Elizabeth Gaines Ross arranged for her father's funeral at his death and assigned this policy to the funeral home in payment of the funeral expenses.

Mary Helton Cunningham, the granddaughter of Henry Gaines, stated that Henry Gaines reared her and her brother, John Dennis Helton.

All of these litigants are of color.

The trial judge felt that the preponderance of believable evidence was in favor of the plaintiffs and appellees.

■ We have announced the doctrine that illegitimacy and incapacity to inherit must be proved by competent evidence. Simon v. Richard, 42 La.Ann. 842, 8 So. 629.

■ In the Succession of Curtis, 161 La. 1045, 1051, 109 So. 832, 834, we have the following quotation:

"'A child is presumed to be legitimate until the contrary is shown.' 7 C.J. 940.

"The presumption of legitimacy is based upon broad principles of natural justice and the supposed virtue of the mother:

"'The presumption in favor of marriage and the legitimacy of children is one of the strongest known to the law, and in favor of a child asserting its legitimacy this presumption applies with peculiar force.' Teter v. Teter, 101 Ind. 129, 51 Am.Rep. 742. Franklin v. Lee, 30 Ind.App. 31, 62 N.E. 78.

"In Ingersol v. McWillie, 9 Tex.Civ. App. 543, 30 S.W. 56; Shuman v. Shu-man, 83 Wis. 250, 53 N.W. 455; and Godfrey v. Rowland, 16 Hawaii 377, it is held that—

"'The presumption of legitimacy is a constant presumption, and is to have weight and influence throughout the investigation, the weight of the presumption increasing with lapse of time.'"

Reverting to our own law—Article 952 of the LSA—Civil Code reads:

"The incapacity of heirs is not presumed. He who alleges it must prove it."

The defendants have been unable to prove the incapacity of plaintiffs.

Article 194 of the LSA—Civil Code reads:

"If the register of births and baptisms is lost, or if no such register has been kept, it suffices for the child to show that he has been constantly considered as a child born during marriage."

The plaintiffs have filled the requirements of this Article, and have also submitted proof in accordance with Article 195 of the LSA—Civil Code, which reads:

"The being considered in this capacity is proved by a sufficient collection of facts demonstrating the connection of filiation and paternity which exists between an individual and the family to which he belongs.

"The most material of these facts are:

"That such individual has always been called by the surname of the father from whom he pretends to be born;

"That the father treated him as his child, and that he provided as such for his education, maintenance and settlement in life;

"That he has constantly been acknowledged as such in the world;

"That he has been acknowledged as such within the family."

■ In the case of Cameron v. Rowland, 208 La. 663, at page 670, 23 So.2d 283, at page 285, we made the following pronouncement:

"'No record or documentary evidence of a marriage was produced and no one testified to having witnessed one. But, over defendant's objection, evidence aliunde was admitted on the authority of the cases cited below and the jurisprudence established by them, and others, that marriage, like other contracts, may be proved by any species of evidence not prohibited by law which does not presuppose a higher species of evidence within the power of the party. Holmes v. Holmes, 6 La. 463, 26 Am. Dec. 482; Philbrick ['s Heirs] v. Spangler, 15 La.Ann. 46; Blasini v. [Succession of] Blasini, 30 La.Ann. 1388; Succession of Curtis, 161 La. 1045, 109 So. 832; Succession of St. Ange, 161 La. 1085, 109 So. 909; Succession of Kneipp, 172 La. 411, 134 So. 376; Boykin v. Jenkins, 174 La. 335, 140 So. 495; Succession of Anderson, 176 La. 66, 145 So. 270; Succession of Gaudinse, 187 La. 844, 175 So. 595; [In re] Gray's Succession, 201 La. 121, 9 So.2d 481.

"'As was said by the Court in the case of Succession of Hubee, 20 La. Ann. 97, the rule has special application where petitioner is not a spouse seeking to prove a marriage, in which he or she was a party and who would be presumed to know all the facts and circumstances attending such marriage, but a child who has not and cannot be supposed to have, in regard to the marriage of his deceased parents, the same means of information.'"

There was one witness to the marriage of Henry Gaines and Elizabeth Jackson.

■ In the Succession of Kneipp, 172 La. 411, at page 417, 134 So. 376, at page 379, we said:

"The presumption of legitimacy is one of the strongest known to the law. The incapacity of heirs, which involves their legitimacy, is not presumed. Civil Code, arts. 952, 950; Succession of Curtis, 161 La. 1045, 109 So. 832."

■ Under the law and evidence, we believe that the judgment of the district court was correct and that the appellants

were not successful in showing that the judgment was manifestly erroneous. Rosenthal v. Gauthier, 224 La. 341, 69 So.2d 367; Nalty v. Nalty, 222 La. 911, 64 So.2d 216; Moser v. Moser, 220 La. 295, 56 So.2d 553.

For the reasons assigned, the judgment of the trial court, maintaining the legitimacy of Elizabeth Gaines Ross and Hattie Gaines Helton and recognizing Elizabeth Gaines Ross, Mary Helton Cunningham and John Dennis Helton as the sole and only heirs of Henry Gaines, is affirmed. All costs to be paid by the defendants.