91 So.2d 779

Succession of Thomas ROCKWOOD and Sarah Bryant, Wife of Thomas Rockwood by First Marriage and Wife of Henry Wilson by Second Marriage.

No. 42066.

Dec. 10, 1956.

Horton & Horton, George W. Reese, Jr., New Orleans, for plaintiff-appellant.

Ivy A. Smith, Jr., Dom C. Grieshaber, New Orleans, for defendant-appellee.

HAMITER, Justice.

Plaintiff, Thomas Rockwood, Jr., prosecutes this appeal from a decree .dismissing his suit to set aside two ex parte judgments recognizing the defendant, Henry Wilson, as the sole and only heir at law of Sarah Bryant Rockwood Wilson and placing Wilson in possession of her estate.

Thomas Rockwood, Sr. and Sarah Bryant were married on September 17, 1918, and during the existence of their community of acquets and gains the property involved herein was acquired. Rockwood . died intestate in 1934, but his succession was not then opened. Some two months later Sarah married Henry Wilson, the defendant. She died intestate on February 12, 1949, and on December 27, 1949 Wilson caused to be opened the successions of Sarah Bryant and Thomas Rockwood, Sr.

Alleging in his petition opening the successions that neither Sarah Bryant nor Thomas Rockwood, Sr. had any living ascendants, descendants or collateral relatives at the time of their respective deaths, and that they did not adopt anyone nor had ever been adopted, Wilson prayed that Sarah Bryant be recognized as the surviving spouse in community and the sole heir of Thomas Rockwood, Sr., entitled as such to the ownership of all of the property acquired by the community that existed between her and Rockwood. Wilson further prayed that he be recognized as the sole and only heir at law of Sarah Bryant Rockwood Wilson and be sent into possession of all of her property. And by reason of affidavits made in support of such allegations there resulted the two ex parte judgments assailed herein, of date December 27, 1949 and August 8, 1950, respectively, they having been rendered in accordance with the prayer of the petition of Henry Wilson.

On July 17, 1952 Thomas Rockwood, Jr. filed the instant suit in the mentioned succession proceedings, he attacking the described ex parte judgments of possession

insofar as they favor Henry Wilson. He alleged that he is the sole and only heir at law of Sarah Bryant and Thomas Rockwood, Sr., being the lawful issue of their marriage, and he prayed to be recognized as owner and sent into possession of their property. In substantiation of such allegation plaintiff attached to his petition a birth certificate from the Bureau of Vital Records of the City of New Orleans Health Department.

Ultimately, during the course of the trial, a photostatic copy of plaintiff's original birth registration was introduced in evidence. The registration had been made under oath by one Mrs. Miller, a midwife, and attested to by the Chairman of the New Orleans Health Department and two witnesses, all on July 20, 1920. Therein was set forth the fact of birth, at such midwife's residence, on May 23, 1920, of a male Negro child named Thomas Whitney Rockwood, Jr., the lawful issue of Thomas W. Rockwood and Sarah Bryant. Additionally it stated the ages and places of birth of the mother and father and recited the latter's occupation.

The statute in effect at the time of such registration, Act 257 of 1918, which was similar to the present one on the subject, LSA–R.S. 40:243 and 304, placed the primary responsibility of preparing and filing birth certificates on the attending physician or midwife. And LSA–R.S. 40:159(B) provides: "The originals of all certificates of birth or death or the certified copies thereof, * * * on file in the office of the local registrar for the parish of Orleans, *are admissible in all courts as prima facie evidence of the facts therein stated.*" An almost identical provision was contained in the aforementioned Act 257 of 1918. Furthermore, LSA–Civil Code Article 193 declares: "The filiation of legitimate children may be proved by a transcript from the register of birth or baptism, kept agreeably to law or to the usages of the country." (Italics ours.)

The effect to be given registrations such as that described above has been considered by this court in at least two cases. In Succession of Jacobsen, 182 La. 151, 161 So. 185, 187 we said: "From an examination of article 193 et seq. of the Civil Code and the above quotation from the opinion of the court, we can come to but one conclusion, and that is that legitimate filiation can be proved, and the best evidence to prove it is the register of births and baptisms, and it is only in the absence of such registration, either if lost or destroyed or not made, that 'it suffices for the child to show that he has been constantly considered as a child born during marriage.' * * *" In that case we held that the fact of illegitimacy set out in a certificate of baptism necessarily prevailed over the undisputed situation that the child was always held out to be a legitimate child.

Again, in State ex rel. Treadaway v. Louisiana State Board of Health, 221 La. 1048, 61 So.2d 735, 739, we observed: "* * * As the name indicates, the records kept by the Registrar are vital to the general public welfare. The registration of a birthright must be given as much sanctity in the law as the registration of a property right."

The legitimate filiation of this plaintiff is further shown by evidence in the record (in addition to the birth registration) to the effect that Sarah Bryant continuously (until her death or for approximately 29 years) held him out as the child of her marriage to Thomas Rockwood, Sr.; that she and her said husband provided for his maintenance and education; that he bore the name of his alleged father; that it was generally considered that he was their child, he having lived with them continuously until Rockwood's death; and that after Sarah Bryant married Wilson this plaintiff and his family shared a residence with them. All of these facts are conceded by the defendant and some of them were testified to by his own witnesses. In this connection the following observation by the trial judge, contained in his written reasons for judgment, is pertinent: "Plaintiff, Thomas Rockwood, Jr., has adduced evidence to show that Sarah Bryant Rockwood held him out as her son. The evidence is to that effect and counsel for the defendant does not deny such fact; * * *."

Consequently, even if there were no birth registration, plaintiff has shown legitimate filiation pursuant to LSA–Civil Code Article 194 which recites: "If the register of births and baptisms is lost, or if no such register has been kept, it suffices for the child to show that he has been constantly considered as a child born during marriage."

■ Other testimony of a more specific nature was introduced by plaintiff in support of his claim, to which little weight was given by the trial judge. The value thereof need not be considered unless the defendant has produced evidence sufficient to overcome the strong presumption created, as well as the prima facie case made out, by the birth registration, LSA–Civil Code Article 193, and by the actions of Sarah Bryant and Thomas Rockwood, Sr. in holding out the plaintiff as their legitimate son, LSA–Civil Code Article 194.

■ Incidentally, this court has consistently been most zealous in guarding the birthright of individuals. In numerous cases we have held that the presumption of legitimacy is one of the strongest presumptions known to the law, and we have required proof of the highest order before rendering any judgment resulting in the bastardization of a child and depriving it of its heritage. See Succession of Curtis, 161 La. 1045, 109 So. 832; In re Gray's Succession, 201 La. 121, 9 So.2d 481;

Cameron v. Rowland, 208 La. 663, 23 So.2d 283; and Succession of Gaines, 227 La. 318, 79 So.2d 322 (this case declares that the weight of the presumption increases with the lapse of time). And we can conceive of no good reason why the same type of proof should not be required for depriving one of his heritage from those whom he and the public at large have looked upon as his father and mother throughout his lifetime (and a public record made at the time of his birth declares that relationship), particularly when the attack comes 29 years after the birth event and virtually all persons who had personal knowledge of the circumstances attending it have long since died.

The defendant's evidence, therefore, must be examined for the purpose of determining whether it is sufficient to overcome the prima facie case and the presumption existing in plaintiff's favor.

Of the four witnesses offered by the defendant (including himself), two were Geneva Derbigny and Pearl Page, sisters whose ages were near that of plaintiff. Unquestionably they, like the defendant, are interested parties; hence, their testimony must be viewed with suspicion. Thus, they testified that they are the legitimate children of Sarah Bryant's deceased sister. If we hold that plaintiff is not Sarah's child, and if the testimony of those two witnesses is to be believed, they will inherit their aunt's estate (even ahead of the defendant Wilson) since it consisted entirely of her separate property. (Here it might be pointed out that their testimony conflicts somewhat with that of Wilson, he testifying that they are illegitimate children and they maintaining that they are legitimate.)

■ Additionally, the testimony of Geneva Derbigny and Pearl Page given in opposition to plaintiff's claim consists primarily of statements assertedly made to them by Sarah Bryant—a party deceased. As we have said on numerous occasions testimony of that nature is the weakest sort of evidence. See Gibson v. Fitts, 189 La. 753, 180 So. 509; Foscue v. Mitchell, 190 La. 758, 182 So. 740; Succession of Moore, 225 La. 248, 72 So.2d 494; and Miller v. Miller, 226 La. 273, 76 So.2d 3, 4. (In the last cited case this court, in a footnote, stated: "And even in cases where the hearsay is receivable as declarations or admissions against interest by the deceased person, it is viewed as the weakest evidence, scarcely worthy of consideration.")

The only other evidence offered by defendant was his testimony and that of one Sherman Williams to the effect that they had been acquainted with Sarah Bryant since about 1912 and that they had never known her to be pregnant. This evidence can be given very little weight in view of the showing made in the record that Sarah was a short and extremely stout person (weighing approximately 250 pounds), un-

der which circumstances the condition of pregnancy might not be obvious or easily detectable. Furthermore, Wilson's testimony on this point is highly suspicious, he having testified as to his very friendly and close relationship with Sarah since 1912—not having missed two weeks without seeing her—yet having admitted that he knew her first husband only by sight and never spoke to him.

█ Our conclusion is, therefore, that defendant's evidence is insufficient to overcome the presumption and prima facie case established in plaintiff's favor.

█ As before shown the trial judge rendered judgment for the defendant; and we are aware that generally on matters of evidence, much weight should be given to his findings of fact. However, he himself noted that "there is a sparsity of evidence going to the real issue in this case, that is whether Thomas W. Rockwood, Jr., is the legitimate issue of the marriage between Sarah Bryant and Thomas Rockwood, * * *." It is because of this sparsity of evidence and the great weight to be given to the herein established presumption of legitimate filiation that we are unable to agree to the dismissal of plaintiff's suit.

In the judgment appealed from the district court recognized as valid a mortgage and vendor's lien granted by Henry Wilson in favor of intervenor, Home Building and Loan Association, in the sum of $1,600. This part of the judgment will not be disturbed, both plaintiff and defendant having here conceded the correctness thereof.

For the reasons assigned the judgment appealed from is affirmed to the extent that it gives recognition to a mortgage and vendor's lien granted by Henry Wilson in favor of intervenor, Home Building and Loan Association, in the sum of $1,600. Otherwise such judgment is reversed and set aside and it is now ordered, adjudged and decreed that the ex parte judgments of December 27, 1949 and August 8, 1950 be annulled and vacated insofar as they recognize the defendant Henry Wilson as the sole heir at law of Sarah Bryant Rockwood Wilson and send him into possession of her estate. It is further ordered, adjudged and decreed that plaintiff, Thomas W. Rockwood, Jr. be recognized as the sole and only heir at law of Thomas Rockwood, Sr. and Sarah Bryant Rockwood Wilson and be sent and put into possession of all of the property left by them, particularly the following described real estate:

1. One Certain Lot of Ground and improvements thereon, situated in the Third District of the City of New Orleans, designated as Lot No. Thirty-four (34) in Square No. 557, bounded by Tonti, Rocheblave, Tulane and Gravier, and Bradish Streets, and measures thirty (30') feet

front on Bradish Street by ninety (90') feet in depth.

Being the same property acquired by Sarah Rockwood from the City of New Orleans, as per Act passed before Pierre D. Olivier, Notary Public, on October 21, 1924, and registered in C.O.B. 389, Folio 235.

2. A Certain Lot of Ground, together with the improvements thereon, and the rights, ways, privileges, servitudes and advantages thereunto appertaining and belonging, situated in the Third District of this City, in Square No. 1457, bounded by Forstall, Law, Florida Walk and Lizardi Streets, which said lot is designated by the No. *One,* and measures Thirty-one (31') feet front on Forstall Street, said width in the rear, by a depth and front on Law Street of One Hundred and Six (106') feet between equal and parallel lines.

Being the same property acquired by Thomas W. Rockwood from Mutual Realty Company, as per act before William A. Wenck, Notary Public, dated August 22, 1923, and registered in C.O.B. ——, Folio ——.

3. Two Lots of Ground, with all rights, ways, servitudes and advantages thereunto belonging, situated in the Third District of this City in Square No. 1457, bounded by Forstall, Lizardi, Law Streets and Florida Walk, *designated by the Nos. Two and*

*Three* on plan of R. S. Daniels, Civil Engineer, in possession of the vendor, and according thereto said lots measure each Thirty-one (31') feet front on Forstall Street, by a depth of One Hundred and Six (106') feet between parallel lines.

Being the same property acquired by Thomas W. Rockwood from Mutual Realty Company on February 4, 1929, as per Act before Joseph Lautenschlaeger, Notary Public, and registered in C.O.B. 452, Folio 162.

4. One Certain Lot of Ground situated in the Parish of Orleans, State of Louisiana, in Square No. Three (3) in the Subdivision known as Gentilly Park Place, which said lot is designated as lot No. 31, and measures thirty feet (30') front on Parkway Drive, by a depth of one hundred ten feet (110') and is comprised within the square bounded by Gentilly Blvd., Jasmine and Midlothan Streets and Parkway Drive.

Being the same property acquired by the late Sarah Bryant from the Home Builders Realty Company on May 31, 1918, by private act duly acknowledged and registered in the Conveyance Office in Book 297, Folio 466.

All costs of this proceeding are to be paid by the defendant, Henry Wilson.

FOURNET, C. J., and HAWTHORNE, J., concur.