382 So.2d 980 (1980)
Larry Jack INGRAM
v.
Dawn Trahant INGRAM.
No. 13022.
Court of Appeal of Louisiana, First Circuit.
January 21, 1980.
*981 Wiley J. Beevers, Metairie, for plaintiff.
Timothy R. Higgins, Amite, for defendant.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
Defendant appealed from a default judgment granting a divorce and the custody of three children to her husband.
The issues are:
(1) Waiver of service and citation
(2) Timeliness of motion for a new trial
(3) Custody of the children.
We affirm in part and reverse and render in part.
It is difficult to understand and analyze this case because of the involved procedure or rather the lack of it.
On January 5, 1978, plaintiff husband filed a petition for divorce and the custody of three children born of the marriage. The court set the hearing of the rule for custody on January 27. On January 23, an order to consolidate this case with another involving the same parties was signed. We have only vague references thereafter to the other suit. There is a minute entry that on January 27, 1978, both parties were represented by counsel, that the temporary custody of the children was awarded to the defendant mother and that a welfare investigation was ordered. A rule for contempt was filed by plaintiff on January 17, 1979, and set for hearing on the 26th. There is a minute entry on January 26 that both parties were represented by counsel, that defendant counsel asked for and got a continuance without date and that plaintiff's counsel asked for and got a continuance without date of the rule.
On February 20, 1979, on motion of plaintiff's counsel a preliminary default was entered. On February 26, 1979, on confirmation of default, the court granted plaintiff a divorce and the permanent custody of the children.
On March 26, 1979 defendant filed an answer and reconventional demand. The court signed on April 10, an order setting for April 27, 1979 a rule for a preliminary injunction and for child support.
On April 23, 1979, the court set for hearing on May 25 a rule to hold the defendant in contempt. On April 20, the court set for hearing on May 25, 1979 a motion for new trial filed by the defendant. On that date the court denied the motion for a new trial but granted a stay order on all proceedings pending an appeal. The defendant filed an appeal from the default judgment of February 27 and the denial of a new trial on May 25.
Admittedly, the petition for divorce was never served on the defendant. However, counsel for defendant did move for a continuance; this comprised a general appearance. Karno v. Louisiana Tax Commission, 233 So.2d 592 (La.App. 4th Cir. 1970). The general appearance waived citation and service of process. Stelly v. Quick Mfg., Inc., 228 So.2d 548 (La.App. 3rd Cir. 1969). The entry and confirmation of default was therefore proper.
However, there is no evidence of notice of signing of a default judgment as required by La.C.C.P. Art. 1913. The motion for a new trial was therefore timely filed on April 20, 1979, and the appeal taken on May 25, 1979 after the denial of the motion was also timely.
*982 However, we have other difficulties with that judgment. The court awarded the custody of the three children to plaintiff. One of these children was offspring of appellant's previous marriage to another person. We find no legal basis for this award. Furthermore, the award of the other two is evidently based upon adultery of the mother. We say evidently because there is no other evidence of unfitness of the mother, who had physical custody on the date of the award.
Whatever evidence of adultery there was, there was none of any occurring in the presence of the minors. Furthermore, there is testimony that the defendant took good care of the children. We therefore believe the custody of the children should be awarded to the defendant.
For these reasons, we amend the judgment of the trial court so as to award the custody of the children to the defendant Dawn Trahant Ingram. The judgment of divorce is affirmed. The costs in both courts are assessed to appellee.
AFFIRMED IN PART, REVERSED AND RENDERED IN PART.