BOUTALL, Judge.
This appeal arises from a judgment of the trial court sustaining an exception of no right of action.
On July 16, 1979, Russell N. Boyett brought suit against Dawn Trahant Ingram for unjust enrichment alleging that he loaned $5,000 in cash and delivered 1,719.92 worth of lumber to Mrs. Ingram for which he was never repaid. On July 30, 1979, by way of a pleading entitled “Answer and Reconventional Demand”, Mrs. Ingram brought a claim against Mr. Boyett and her husband, Larry Jack Ingram, for damages in solido resulting from an alleged conspiracy between these defendants in illegally obtaining custody of the 3 minor children born of the marriage between Dawn and Larry Ingram. The damages allegedly suffered by Mrs. Ingram were mental anguish and the expenses incurred in regaining custody. In responding to the claim brought against him, Larry Ingram raised an exception of no right of action based on the doctrine of interspousal immunity. R.S. 9:291.
The trial court maintained Mr. Ingram’s exception of no right of action, dismissing Mrs. Ingram’s demand against him.
Appellant, Mrs. Ingram, contends that the trial court was in error in sustaining the exception of no right of action. This contention is based on the argument that the marriage between the Ingrams was an absolute nullity and consequently, she has a right of action in tort.
Appellee, Mr. Ingram argues that the marriage between him and Dawn Trahant Ingram was valid, and therefore the doctrine of interspousal immunity under R.S. 9:291 was properly invoked by the trial court, prohibiting Mrs. Ingram from asserting a right of action in tort against him.
Appellant’s contention is based upon the facts that she and Larry Ingram were mar *961 ried to two other persons when on January 14, 1970 they each obtained a Mexican divorce decree from their prior spouses and later that same day were married to each other by virtue of a Mexican marriage ceremony. The parties were not divorced from their prior spouses until Louisiana divorce decrees were rendered shortly thereafter on February 23, 1970 and March 4, 1970. There was never a remarriage between the parties. Under these facts, appellant contends that the principles in the cases of Super v. Burke, 367 So.2d 93 (La.App. 4th Cir. 1979), affirmed per curiam 374 So.2d 1250 (La.1979); Everett v. Everett, 345 So.2d 586 (La.App. 4th Cir. 1977), writ dismissed 349 So.2d 329 (La.1977); and Schaefer v. Schaefer, 379 So.2d 864 (La.App. 4th Cir. 1980), make their marriage an absolute nullity, and thus the application of the doctrine of interspousal immunity was improper.
While we agree with the principles of law announced in those cases, we do not believe them to be applicable here. First we note that there is no proof of the salient facts referred to above. There is in the record a copy of the divorce decrees in Louisiana between the prior spouses, but no evidence of the other facts, there only being reference made to them in argument. However, we do not predicate the resolution of this case upon the lack of proof of those facts.
We note that there was a divorce proceeding filed by Larry Ingram on January 5, 1978 in the 21st Judicial District Court for the Parish of Tangipahoa which was consolidated with a case filed by Dawn Ingram in that same court. In that case there was a judgment of divorce rendered between the parties on February 26, 1979, and that judgment of divorce was affirmed by the Court of Appeal, First Circuit (Ingram v. Ingram, 382 So.2d 980) on January 21, 1980 following an appeal by Dawn Ingram. Correspondingly, the sequence of events in this case is the filing of a petition against Dawn Ingram for unjust enrichment on July 16,1979, Mrs. Ingram’s recon-ventional demand filed against her husband on August 30, 1979, the exception of no right of action filed on September 24, 1979, and the judgment in favor of Larry Ingram on the exception of no right of action, signed December 12, 1979. Thus during these proceedings, the parties had been subjects of the divorce proceeding in Tangipa-hoa Parish, and Mrs. Ingram was appealing that decision. A month after the judgment on the exception of no right of action in this case, the judgment of divorce was affirmed by the Court of Appeal, First Circuit, and has now become final.
In order to maintain appellant’s suit against her husband, we would in effect have to set aside the judgment of divorce granted between the parties, or at least simply disregard it, granting it to be of no effect. We are not disposed to permit a party to file and engage in litigation in one court, and then seek to utilize the services of another court to overturn or disregard an adverse judgment by way of a collateral attack. As stated in the case of Price v. Price, 326 So.2d 545 (La.App. 3rd Cir. 1976) at page 548:
“[2,3] Our law forbids a collateral attack on a judgment or order of a competent tribunal, not void on its face ab initio. A judgment rendered by a court of competent jurisdiction imparts absolute verity and has the force of things adjudged, unless and until it is set aside in a direct action of nullity. It cannot be attacked collaterally. (Citations omitted)”
That case relied in main upon the principles expressed in the case of Allen v. Commercial National Bank in Shreveport, 243 La. 840, 147 So.2d 865 (La.1962). These principles are especially applicable when we consider that this is an attack upon the validity of a marriage. The public policy of Louisiana is that every effort must be made to uphold the validity of marriages. See Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975), citing Succession of Gaines, 227 La. 318, 79 So.2d 322 (La.1955).
For these reasons, we affirm the judgment of the trial court, maintaining the exception of no right of action.

AFFIRMED.

SCHOTT, J., dissents.