JASPER E. JONES, Judge.
Plaintiff, Estella Reed James, appeals a judgment rejecting her demand to annul the judgment of possession in the Succession of Bertha Reed, wherein the defendant, Jerry Miles, Jr., was recognized as decedent’s sole and only heir. The judgment of possession was based upon an affidavit of death and heirship executed by Magnolia Vantley Jackson and Dorothy L. Holmes on March 2, 1979, wherein affiants stated that Bertha Reed died intestate on February 23, 1979 in Ouachita Parish, Louisiana; that she had been married but once during her lifetime, and then to Jerry Miles, Sr. and there was only one child born issue of said marriage, namely Jerry Miles, Jr.; and that said decedent left the said Jerry Miles, Jr. as her sole and only heir.
The thrust of plaintiff’s suit was that Jerry Miles, Jr. was not the child of decedent and that decedent was survived by no ascendants or descendants and was survived by appellant as her sole full sister and by numerous half-sisters, half-brothers, and descendants of two predeceased half-brothers. Plaintiff contends that these collateral relations of decedent are her only heirs. Plaintiff seeks to annul the judgment of possession contending that it was obtained by fraud and ill practices and should be annulled under the authority of LSA-C.C.P. art. 2004.[1]
The trial court found as a fact that decedent and Jerry Miles, Sr. raised defendant as their son and held him out to the public as their son and that appellant and other collateral heirs of decedent never asserted *796 defendant was not the child of decedent until after her death. Evidence in the record supports these factual conclusions of the trial judge.
Defendant testified that decedent always told him that he was her child and held him out to the world as the son of her and his father, Jerry Miles, Sr. He testified he was never told by anyone that he wasn’t the son of Bertha Reed until after her death.
Jerry Miles, Sr. testified he was told by decedent that she was expecting a child, and that in 1954 upon his return from a three week absence, required by his hospitalization, his wife presented him with defendant and told him it was their child. Jerry Miles, Sr. signed a birth certificate for defendant, Jerry Miles, Jr., on December 19, 1955 stating the facts of birth set forth thereon were true and correct. A certified copy of the birth certificate which is in the record reflects that defendant was born August 1, 1954, and that his father was Jerry Miles and his mother was Bertha Reed. This certificate states the mid-wife who attended Bertha Reed was Lucy Singleton, but that she was deceased. The certificate reflects that it was accepted for Registry December 16, 1955 by Dr. W. Carroll Summer, local Registrar of Ouachita Parish, and was filed with the State Registrar of Vital Statistics on December 23, 1955.
Jerry Miles, Sr. testified that defendant was his son born of his marriage to Bertha Reed. Appellant’s attorney, during the trial, stipulated that defendant, Jerry Miles, Jr., was held out throughout his entire school career as a child of Bertha Reed Miles and Jerry Miles, and that all of the school documents would reflect these facts.
There is of record a marriage certificate reflecting a valid marriage between Jerry Miles and Bertha Reed on December 2, 1948. There is included within the record a certified copy of a divorce judgment rendered in a matter styled Jerry Miles v. Bertha Reed Miles, No. 87734 on the docket of the Fourth Judicial District Court on the 24th day of February, 1971, which judgment reflects that plaintiff and defendant therein were each represented by named attorneys, and the judgment provided that Bertha Reed Miles was granted permanent care, custody, and control of Jerry Miles, Jr., and that Jerry Miles, Sr. was ordered to pay her $25 per month child support.
Some of appellant’s witnesses affirmatively testified that Bertha Reed had raised defendant as a child born to her of her marriage to Jerry Miles and held him out as such to the public.
The totality of the evidence establishes that Jerry Miles, Jr. was raised a child of the marriage of Bertha Reed and Jerry Miles, Sr. and was held out to the world as their child.
Appellant offered the testimony of Gladys Reed Mitchell, Eserlean Reed Abram, and Mahaley Reed Turner, her three half-sisters, and the testimony of the two affiants who had signed the affidavit of death and heirship supporting defendant’s possession judgment, Magnolia Vant-ley Jackson and Dorothy Holmes, to establish that Jerry Miles, Jr. was a child born to Hattie Sawyer and given by her to Bertha Reed. Hattie Sawyer neither testified in person nor by deposition, though the record established she was alive and lived in Los Angeles, California only a few months before the trial.
None of these witnesses testified that they saw Hattie Sawyer deliver a baby to Bertha Reed. Gladys Mitchell testified she witnessed Hattie Sawyer give birth to the baby and helped Hattie Sawyer take care of it for several days. She later saw Bertha with a child and knows that the child Bertha had was the same child Hattie delivered because it had the same physical characteristics as Hattie’s baby. The other four witnesses based their conclusions that the child raised by Bertha was the one born to Hattie upon the fact that Hattie appeared to be pregnant but Bertha never was, and upon the fact that they had been told either by Bertha or Hattie, or both, that the child being raised by Bertha was in fact one to which Hattie had given birth.
*797 The trial judge in written reasons for judgment observed that the three of these witnesses who were half-sisters to decedent, Bertha Reed, would be entitled to participate in her succession if defendant was found not to be the child of Bertha Reed. The trial judge noted that the other two witnesses, Magnolia and Dorothy, who had executed the affidavit of death and heirship wherein they stated defendant was born issue of the marriage between Bertha Reed and Jerry Miles, gave totally contradictory information under oath in their trial court testimony wherein they stated Jerry Miles, Jr. was a child born to Hattie Sawyer. For the stated reasons the trial judge found the testimony of these five witnesses lacked credibility and was inadequate to meet appellant’s burden of proving that defendant, who had been held out to be the child of Bertha Reed and Jerry Miles for 25 years, was not the child of Bertha Reed.
The trial judge recognized in his written reasons that the birth certificate of defendant was confusing on its face in the sense that it was executed by Jerry Miles on December 19,1955, establishing the birth of Jerry Miles, Jr. almost a year and one-half earlier on August 1,1954, and reflecting on its face that it was recorded by the local registrar on December 16, 1955, three days before Jerry Miles, Sr. was set forth thereon as having signed same. The trial court further recognized that Jerry Miles’ testimony that he was carried to the health office by the mid-wife, Lucy Singleton, about 4 months after Jerry Miles, Jr.’s birth and signed a birth certificate, was impossible to reconcile with the facts set forth on the birth certificate. It is apparent that the trial judge placed little weight on the birth certificate in reaching his factual conclusions.
Jerry Miles, Sr. testified at trial that he was in the Veterans’ Hospital in New Orleans having back surgery at the time Jerry Miles, Jr. was born. He said that his wife had told him they were expecting a baby before he left and that she was fat. He said upon his return she presented the baby to him as their child, and she was less fat.
Appellant, following the trial court judgment rejecting her demand, filed a motion for a new trial alleging, inter alia, that she had discovered the records of the New Orleans Veterans’ Hospital contained no evidence that Jerry Miles, Sr. was hospitalized there at any time other than March 5, 1965 to March 20, 1965. Appellant contends this was new evidence which would totally destroy the credibility of Jerry Miles, Sr. and for that reason she was entitled to a new trial. The trial judge in his reasons for rejecting the new trial motion assumed appellant could establish at a new trial that the records of the Veterans’ Hospital reflected no other hospitalization for Jerry Miles, Sr. except between March 5 and 25, 1965, and assumed that Jerry Miles, Sr. admitted he was never in the Veterans’ Hospital during the critical time surrounding the birth of Jerry Miles, Jr., and concluded this evidence, along with all prior evidence, would be inadequate to establish that Jerry Miles, Jr. was not born to Bertha Reed Miles because of the “long-standing action of the family which the court had previously noted.”
Appellant assigns as error on appeal the trial court’s refusal to annul the judgment of possession in favor of Jerry Miles, Jr.
It may be established that a child is born of a marriage in the manner provided in LSA-C.C. arts. 194-195:
Art. 194 — If the registry of births and baptisms is lost, or if no such register has been kept, it suffices for the child to show that he has been constantly considered as a child born during marriage. Art. 195 — The being considered in this capacity is proved by a sufficient collection of facts demonstrating the connection of filiation and paternity which exists between an individual and the family to which he belongs.
The most material of these facts are:
That such individual has always been called by the surname of the father from whom he pretends to be born;
That the father treated him as his child, and that he provided as such for his education, maintenance and settlement in life;
*798 That he has constantly been acknowledged as such in the world;
That he has been acknowledged as such within the family.
When the evidence establishes that a child has been considered a child born during the marriage in the manner set forth in LSA-C.C. art. 195, a presumption then exists that the child whose birth is at issue was born of the marriage of those parents who held him out to the world as theirs. See Succession of Rockwood, 231 La. 521, 91 So.2d 779 (1956); Succession of Bates, 227 So.2d 19 (La.App. 2d Cir. 1969). Jerry Miles, Jr., defendant herein, has always used the surname of Jerry Miles, Sr. Bertha Reed Miles and Jerry Miles, Sr. treated defendant as their child and held him out to the world as such and provided for his education as a child born of their marriage. These circumstances were all established by the testimony of some of appellant’s witnesses, by the testimony of Jerry Miles, Sr., by the testimony of Jerry Miles, Jr., by the stipulation that Jerry Miles, Jr. went to school as the child of Bertha Reed Miles and Jerry Miles, Sr., and all his school records reflect them as his parents, by the judgment of divorce between Jerry Miles, Sr. and Bertha Reed Miles, as well as by the affidavit of Jerry Miles, Sr. on the birth certificate of Jerry Miles, Jr. which has been a matter of public record for over 25 years.
The trial judge who saw and heard the witnesses testify concluded that the testimony of the three half-sisters who had a proprietary interest in the outcome of the litigation, and the testimony of the two witnesses who had signed the affidavit of death and heirship stating that defendant was Bertha Reed’s son, and then testified he was not, were not credible evidence sufficient to overcome the LSA-C.C. arts. 194-195 presumption.
The supreme court in the Succession of Rockwood, supra, rejected the testimony of some witnesses who stood to profit materially if plaintiff there was found not to be the child of the mother who had held him out to the public as her child. The court in Rockwood also recognized that alleged statements of the deceased mother to the effect that the child was not born to her were of the weakest sort of evidence and scarcely worthy of consideration:
“Of the four witnesses offered by the defendant (including himself), two were Geneva Derbigny and Pearl Page, sisters whose ages were near that of plaintiff. Unquestionably they, like the defendant, are interested parties; hence, their testimony must be viewed with suspicion. Thus, they testified that they are the legitimate children of Sarah Bryant’s deceased sister. If we hold that plaintiff is not Sarah’s child, and if the testimony of those two witnesses is to be believed, they will inherit their aunt’s estate (even ahead of the defendant Wilson) since it consisted entirely of her separate property. ..
Additionally, the testimony of Geneva Derbigny and Pearl Page given in opposition to plaintiff’s claim consists primarily of statements assertedly made to them by Sarah Bryant — a party deceased. As we have said on numerous occasions testimony of that nature is the weakest sort of evidence, (citations omitted). (In the last cited case this court, in a footnote, stated: ‘And even in cases where the hearsay is receivable as declarations or admissions against interest by the deceased person, it is viewed as the weakest evidence, scarcely worthy of consideration.’)” Id. at 782-783.
It is significant that a substantial portion of the testimony of appellant’s witnesses to the effect that defendant was not the child of Bertha was based upon the statement of these witnesses that Bertha had advised them at a time shortly after Jerry Miles, Jr.’s birth, that he was not her child but was rather the child of Hattie Sawyer.
The factual determinations of the trial judge who saw and heard the witnesses testify shall not be disturbed upon appeal unless we find manifest error, or in other words unless they are clearly wrong. See Canter v. Koehring Co., 283 So.2d 716 (La. 1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
*799 We find the trial court’s evaluation of credibility of appellant’s witnesses entirely reasonable and find no manifest error in his conclusions that the testimony of these witnesses was inadequate to meet appellant’s burden of proof of overcoming the presumption that Jerry Miles, Jr. was the child of Bertha Reed Miles and Jerry Miles, Sr.
Appellant’s contention that the trial judge erred in failing to grant her motion for a new trial is without merit because the trial judge assumed the facts proved, which appellant sought to prove at a new trial, and found such facts did nothing towards strengthening appellant’s evidence in her attack upon the presumption that Jerry Miles, Jr. was born of the marriage of Bertha Reed Miles and Jerry Miles, Sr.
For the reasons assigned, AFFIRMED at appellant’s cost.

. LSA-C.C.P. art. 2004: “A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on the grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.”