LeBLANC, Judge.
Appellant, Andrew C. Spiehler, Jr., administrator of the Succession of Algy M. McKean, appeals from a judgment of possession, arguing the trial court erred in failing to require two forced heirs to account to the succession for certain items of property.
Decedent, Algy M. McKean, died on December 21, 1943, survived by his widow, Virginia Pearl Porter McKean, and eight children. A petition opening decedent’s succession was filed on July 23, 1957. On February 11, 1965, Andrew Spiehler, dece *1110 dent’s grandson, was appointed administrator of the succession. Ultimately, a petition for possession was filed by Carol McKean Holdsworth, Algy McKean’s granddaughter, on March 16,1982, alleging there was no need for further administration. The petition further alleged that Spiehler, as administrator, refused to join in the petition for possession. Spiehler filed an answer on April 26, 1982, denying all allegations of the petition and requesting the dismissal of petitioner’s claims. On the same date, Spiehler also filed a petition for possession. In this petition, Spiehler alleged that one of Algy McKean’s sons, Shelby McKean, since deceased, had appropriated and disposed of assets belonging to the succession which exceeded his portion of the estate. On this basis, the prayer in the petition for possession sought to exclude Shelby’s children and heirs, Carol McKean Holdsworth and Clyde Everett McKean, from being recognized and sent into possession of any portion of the succession estate as Shelby’s representatives.
After trial on January 14,1983, the court took this matter under advisement. On June 24, 1983, the trial court issued written reasons for judgment rejecting the position of the administrator and concluding that Carol McKean Holdsworth and Clyde McKean were entitled to participate in the distribution of the succession estate as representatives of their father, Shelby McKe-an. A judgment of possession was rendered on May 28, 1986, in accordance with these reasons. In addition to recognizing the interest of the respective heirs and sending them into possession, the judgment recognized Clyde McKean as the sole owner of a 7.15 acre tract of land which was a source of controversy in these proceedings. An appeal was taken from the judgment of possession by the administrator, Spiehler.
On appeal, appellant contends the trial court erred in not requiring Shelby’s representatives to account to the succession for the following items of property, allegedly part of the succession estate, used by Shelby for his own benefit: 1) a herd of approximately 225 cattle, 2) a 160 acre tract of property, and 3) a 7.15 acre tract of land. After a thorough review of the record, we find no manifest error and affirm the trial court’s finding that no accounting was due.
In its reasons for judgment, the trial court reached the following conclusion regarding the herd of cattle.
With respect to the cattle, which were allegedly owned by: Algy McKean at the time of his death and which were allegedly sold by Shelby McKean shortly thereafter, this Court finds the plaintiff has failed to produce creditable evidence which suggests that the value of this [sic] cattle was enjoyed by Shelby McKe-an as an advantage amounting to an advance on his share of the estate of Algy McKean. Although there is some testimony to the effect that Shelby McKean did sell this [sic] cattle, there is no testimony whatsoever establishing that Shelby McKean did not do this for the advantage of the family as a whole, or that there was any objection by any family members at the time of the sale, (emphasis added)
In support of his claim, plaintiff relies on his own testimony and that of two of the deceased’s daughters, all of whom indicated they received none of the proceeds from the sale of the cattle, which are alleged to have been approximately $10,000.00. These witnesses also testified that Virginia McKean, their mother and grandmother, respectively, told them at a family meeting held in 1963 that she received only $3,100.00 of the proceeds, of which she had lent Shelby $2,100. Virginia McKean died in 1965.
The trial court’s reasons indicate that it rejected this evidence as not being credible. We note that the testimony regarding Virginia McKean’s alleged statements are not only hearsay, but are also the statements of a person since deceased. The reliability of hearsay evidence is for the trial court to determine. Pearce v. Power & Telephone of Kentucky, 533 So.2d 46, 49 (La.App. 3rd Cir.1988). Further, testimony regarding declarations of persons since deceased is the weakest sort of evidence. Succession of Rockwood, 91 So.2d 779, 782, 231 La. 521 (La.1956); Phillips v. Nereaux, 357 *1111 So.2d 813, 823 (La.App. 1st Cir.1978). Accordingly, after a thorough review of the record in light of these considerations, we find no manifest error in the trial court’s findings regarding the cattle.
We likewise find no manifest error in the court’s rejection of plaintiff’s claim regarding the 160 acre tract of land. There was no evidence that this tract of land was ever in decedent’s name. To the contrary, the evidence indicates that there was an act of sale in 1942 in which Gus McKean, decedent’s brother, sold the property to Shelby McKean. However, plaintiff claims the purchase price for this sale was actually paid by decedent. Plaintiff testified that his grandmother, Virginia McKe-an, told him that the purchase was made in Shelby’s name because Gus would not sell the property to decedent, with whom he had a poor relationship. The only other testimony in support of this claim was hearsay testimony as to Shelby’s alleged income at the time of the sale, which purportedly demonstrated that he could not have paid the purchase price himself. Accordingly, plaintiff argues that Shelby’s representatives must now account to decedent’s succession for $16,000.00, the amount Shelby sold the 160 acre tract for in 1960.
Once again, the primary evidence relied upon by plaintiff was the hearsay statements of a person since deceased, the weakest sort of evidence. Additionally, one claiming as a forced heir is without right to create by parol evidence a title in one who never owned the immovable property or to show that the vendee was in reality his ancestor rather than the person named in the act of sale. Miles v. Miles, 328 So.2d 394, 399 (La.App. 3rd Cir.1976).
Lastly, plaintiff contends Clyde should be made to account for $2000.00, which was the consideration for the purported sale of the 7.15 acre tract from Virginia McKean to Clyde. Plaintiff contends that Virginia McKean inherited an one-eighth interest in this tract from her parents, but that the other seven-eighths were purchased from Virginia’s co-heirs by decedent and Virginia with community funds. At trial plaintiff and two of his aunts testified that Clyde acknowledged at the family meeting held in 1963 that he had never paid the $2,000.00 consideration, despite a recital to the contrary in the act of sale. Plaintiff argues that Clyde therefore owes an accounting to decedent’s succession for this amount. The record does not include any evidence documenting the claim that decedent owned an interest in this land. Instead, plaintiff relies on mere allegations to this effect. Since the evidence was insufficient to even establish that decedent owned any interest in this land, we find no error in the rejection of plaintiff's claim regarding this tract.
For the above reasons, we affirm that part of the trial court judgment recognizing and sending the heirs of decedent into possession and rejecting the claims that Carol McKean Holdsworth and Clyde McKean either should be excluded from participation therein or owe an accounting to the succession.
In addition to the claim for an accounting, plaintiff asserts the trial court erred in recognizing and decreeing Clyde McKean to be the sole owner of the 7.15 acre tract discussed above. This argument has merit.
The present matter came before the trial court on a petition for possession by the succession administrator; no petition or other pleading was filed by Clyde requesting that he be recognized as owner of the property. The character of an action is fixed by the pleadings filed by the parties. Ussery v. Ussery, 583 So.2d 838, 841 (La. App. 2nd Cir.1991). A trial court does not have the authority to decide a controversy which the parties have not regularly brought before it. Ussery, 583 So.2d at 841; Littleton v. Littleton, 514 So.2d 248, 250 (La.App. 5th Cir.1987). Upon the pleadings before the trial court, the only issues presented regarding the 7.15 acre tract were whether the property should be brought back into the succession estate and whether Clyde was required to account to the succession for the purchase price thereof. Apart from these issues, the ownership of the tract was not before the trial court. *1112 Therefore, the trial court erred in proceeding beyond these issues to render judgment on a matter not properly before it. See, Harrison v. Alombro, 341 So.2d 1165, 1171 (La.App. 1st Cir.1976), writ denied, 343 So.2d 1063 (1977); Rivet v. Dugas, 377 So. 2d 489, 491 (La.App. 4th Cir.1979). Accordingly, we amend the judgment of possession to delete that portion thereof which recognizes and decrees Clyde McKean to be the sole owner of the 7.15 acre tract of land.
The judgment of the trial court is affirmed in all other respects. Plaintiff-appellant is to pay all costs of this appeal.
AFFIRMED AS AMENDED.