CANNELLA, Judge.
Plaintiffs, Bessie Smith Givens and Wilson Smith, appeal from a judgment in a nullity action granting a peremptory exception of no .right of action filed by defendants, David Smith and David Fergurson. We reverse as to Bessie and affirm as to Wilson.
On July 28, 1992, plaintiffs filed a petition for nullity of a Judgment of Possession rendered in favor of defendant, David Smith. The petition stated that the judgment was based on false assertions that the deceased had no children, when in fact the deceased was survived by three children, two of whom are named in the nullity action.
Defendants, David Smith, the brother of the deceased and his attorney, David Fergur-son, responded with a peremptory exception of no right of action. The exception was based on the failure of the petition to allege that Aldo Smith was married to the mother of plaintiffs, that plaintiffs were born during the marriage or that they were legitimated by Aldo Smith prior to his death. Defendants further assert that no action for filiation has been brought by plaintiffs and said action has since prescribed because Aldo Smith died on July 7, 1992 and the alleged children are over the age of 19 years.
The exception was heard on November 20, 1992, at which time Bessie Smith Givens testified that her mother believed that she was married to Aldo Smith. She also produced her birth and baptismal certificates and a letter from her father in which he referred to her as his daughter. Wilson Smith introduced no evidence. The trial judge granted the exception, finding that plaintiffs must first establish filiation in a special proceeding before they can maintain *663 an action for nullity of the Judgment of Possession. It is from this judgment that plaintiffs appeal.
Plaintiffs assert that the trial judge erred because they proved that their mother was a putative spouse and thus the children are entitled to the civil effects of marriage. Since one of civil effects of marriage is legitimacy,[1] proof of filiation is not required.
La.C.C. art. 96 provides that an absolutely null marriage produces civil effects in favor of a child of the parties when at least one party contracted the marriage in good faith. A marriage is absolutely null when contracted without a marriage ceremony, by procuration, or in violation of an impediment. La.C.C. art. 94. The marriage ceremony must be performed by a third person who is qualified or reasonably believed by the parties to be qualified. La.C.C. art. 91.
The husband of the mother is presumed to be the father of children born or conceived during the marriage. La.C.C. art. 184. When there is doubt, the filiation of the legitimate child may be proved by a “transcript from the register of birth or baptism ...” La.C.C. art. 193. Lacking the documents required in C.C. art. 193, the filiation may be made by reputation under La.C.C. art. 194 or if not available, by written or oral evidence under La.C.C. art. 196. See: Succession of Rockwood, 231 La. 521, 91 So.2d 779 (1956).
Illegitimate children, on the other hand, must be legitimated by notarial act or acknowledged by notarial act or in the registering of the birth or baptism. La.C.C. art. 200 and 203. An illegitimate child, who is neither legitimated nor acknowledged must prove fil-iation in a civil proceeding instituted within one year of the death of the alleged parent, or within 19 years of the child’s birth, whichever occurs first. La.C.C. art 209.
There is a legal presumption in favor of marriage and children’s legitimacy and it is one of the strongest known to law. Succession of Gaines, 227 La. 318, 79 So.2d 322, 324 (1955). The presumption applies with peculiar force in favor of a child asserting his or her legitimacy. Id. 79 So.2d at 324.
Marriage may be proved by a third person by any competent evidence. Bridges v. Osborne, 525 So.2d 337 (La.App. 1st Cir. 1988). It does not require a higher “species of evidence”, especially where the child is asserting the marriage. Succession of Gaines, 79 So.2d at 325.
In this case, defendants challenged the right of plaintiffs to institute the nullity action because the petition failed to allege facts asserting that Aldo Smith was married to their mother, or that the children were born of the marriage, acknowledged or had proven filiation pursuant to La.C.C. arts. 200 and 203.
The purpose of the exception of no right of action is to terminate a suit brought by a party with no legal interest to assert the action. St. Jude Medical v. City Glass & Mirror, 608 So.2d 236, 238 (La.App. 5th Cir. 1992). It challenges the interest of plaintiff in the subject matter, or the lack of capacity to proceed with the case. Id. at 238.
The petition here is somewhat defective in this regard. However, the pleadings were enlarged by the testimony and documentary proof at the hearing, at least as to Bessie Smith Givens. Thus, as to her, the exception was not properly sustained. However, there was no evidence as to Wilson Smith’s relationship to Aldo Smith. Thus, his claim is properly excluded on the basis of the peremptory exception of no right of action. La.C.C.P. art 934.
Accordingly, the judgment of the trial court sustaining the peremptory exception of no right of action is hereby reversed as to Bessie Smith Givens. It is affirmed as to Wilson Smith. The case is remanded for further proceedings.
Costs of this appeal are to be paid by defendants.

*664
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

. La.C.C. Art. 179 states:
Legitimate children are those who are either born or conceived during marriage or who have been legitimated as provided hereafter.