ELLIS, Judge:
This is a suit, brought by Roger Paul Carline for the custody of his natural son, Travis Paul Carline, born April 12, 1979. Defendant is Robbie Faye Camp (now wife of Allen R. Smith), the natural mother of the child, who reconvened for custody to be granted to her.
Trial was held, and a judgment was rendered granting temporary custody of Travis to Mr. and Mrs. Leonard Kohn, his uncle and aunt, pending a protective service investigation by the Department of Health and Human Resources. After receipt of the report from the Department, and without a further hearing, judgment was rendered granting permanent custody of the child to Mr. and Mrs. Kohn, with reasonable visitation rights being granted to both natural parents. From that judgment, only Mrs. Smith has appealed.
In this court, Mrs. Smith objects to custody being granted to persons who are not parties to the suit nor mentioned in the pleadings. She further alleges that the trial court erred in ordering an investigation by the Department and in admitting it into evidence over her objection. Finally, it is argued that there was no evidence to show that she was unfit, that there was no compelling reason for denying her custody, and that the court erred in not placing the burden of proof in those respects on plaintiff Carline.
The record shows that Mr. Carline and Mrs. Smith lived together out of wedlock for about five years, and that Travis was the issue of their relationship. Mrs. Smith left Mr. Carline in February, 1980, and moved to Baton Rouge, taking Travis with her. On April 6, 1980, she brought Travis to Iberville Parish to visit Mr. Carline. When she returned to pick up Travis on April 9, Mr. Carline refused to return Travis to her. This suit was filed on April 10, 1980, and Mr. Carline was granted provisional custody of the child by ex parte order. The custody hearing was held on April 23, 1980.
The competent evidence adduced at the hearing was to the effect that Mrs. Smith had been a good mother to Travis while she had him with her, both before and after her separation from Mr. Carline. She admitted that she had smoked marijuana before the child was born, but not since. Her present husband, whom she married on April 19, 1980, testified that he sometimes smoked marijuana, but had not done so for two months as of the time of the trial. He was steadily employed on an oil rig in Livingston Parish. They were living in a two-bed *218 room apartment, in which the child had his own room. Mrs. Smith testified that she would be with him all day, every day.
Mr. Carline testified that he was unemployed at the time of the hearing. He denied Mrs. Smith’s testimony that he was a heavy drinker. He testified that he wanted to place Travis with someone in his family, preferably his sister, Linda Kohn, and her husband, Leonard. He planned to reside in the same house.
Mr. Kohn testified that he was buying his own four-bedroom home, in which there was room for plaintiff and Travis. He is the husband of Mr. Carline’s sister, Linda, and they have four children of their own, aged between eleven and three. Mrs. Kohn also works full time, and there is someone who takes care of their children who would also care for Travis during the day.
It is clear that the trial judge was without authority to grant custody to Mr. and Mrs. Kohn. They were not parties to the suit and had no standing in court. It is hornbook law that courts cannot adjudicate the rights of those who are not parties to the case before it. See State, Dept. of Hwys. v. Lamar Adv. Co. of La., Inc., 279 So.2d 671 (La.1973).
We further agree that the report of the Department of Health and Human Resources was hearsay and should not have been considered by the trial judge, or admitted into evidence.
Finally, we find that the judge’s award of custody was clearly wrong in any event. Mrs. Smith is the natural mother of the child. The natural father, who is the plaintiff herein, stated on the witness stand that he was no longer seeking custody of their child. There is no evidence in the record to indicate that Mrs. Smith is in any way unfit to have custody of her child. The rule is that a parent “has the paramount right to the custody of the child, and may be deprived of that custody only when there are compelling reasons.” Wood v. Beard, 290 So.2d 675 (La.1974).
In the Wood case, supra, the court also said:
“When the parent competes with non-parents of the child, the parent’s right to custody is superior, unless the parent is unable or unfit, having forfeited parental rights.”
There is no competent evidence in the record to show any unfitness or forfeiture of parental rights by Mrs. Smith. Under the circumstances of this case she is clearly entitled to the custody of her child. See also Deville v. La Grange, 388 So.2d 696 (La.1980); Duffie v. Duffie, 387 So.2d 654 (La.App. 1st Cir. 1980), writs denied 390 So.2d 1345 (La.1980).
The judgment appealed from is therefore reversed and set aside, and there will be judgment herein in favor of Robbie Faye Camp, now wife of Allen R. Smith, awarding her the permanent care, custody, and control of her natural minor son, Travis Paul Carline. All costs of this proceeding shall be paid by Roger Paul Carline.
REVERSED AND RENDERED.