CIACCIO, Judge.
Upon application of plaintiff, Raftery Elevator Corporation, we granted certiorari to review the ruling of the trial judge which maintained defendants’ peremptory exception urging failure to join an indispensable party.
Plaintiff filed suit against defendants— both of whom are attorneys — alleging that defendants had obtained a consent judgment on behalf of plaintiff against Pisces, Inc. Plaintiff further claims that all creditors with recorded liens or judgments against Pisces, Inc. have been paid in full. But, because defendants did not record plaintiff’s judgment against Pisces, Inc., it successfully depleted its assets without satisfying its judgment indebtedness to plaintiff. Plaintiff seeks to recover from defendants the unsatisfied amount of the judgment against Pisces, Inc.
Defendants filed a peremptory exception wherein they argue that the officers and directors of Pisces, Inc. should have been impleaded by the plaintiff as defendants because they are indispensable parties. Defendants base their argument upon *635 State law prohibitions providing that corporate officers and directors may not deplete corporate assets in fraud of creditors, and that the officers and directors of the corporation shall be liable to corporate creditors for such conduct. Defendants argue that since plaintiff alleges that Pisces, Inc. depleted its assets in fraud of creditors, then the officers and directors of Pisces, Inc. are liable to plaintiff and are indispensable parties.
The judgment of the trial court maintained defendants’ exception and ordered plaintiff to join “Pisces, Inc., its officers and stockholders.” We are not persuaded by defendants’ arguments. We do not find that the record contains facts which indicate that Pisces, Inc., its officers, directors or stockholders, are indispensable parties. For the following reasons, therefore, we reverse the judgment of the trial court and remand for further proceedings.
La.C.C.P. art. 641 defines indispensable parties and requires their compulsory join-der. The article provides:
“Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
“No adjudication of an action can be made unless all indispensable parties are joined therein.”
Great care must be exercised to insure a proper factual analysis of a party’s interest in a case before a determination of the party’s classification is made. Classification as an indispensable party should be applied only after the facts clearly establish that no complete and equitable adjudication of the controversy can be made in the party’s absence.
The Louisiana compulsory joinder statutes place the entire emphasis upon the rights of the absent party. Our Code article has as its goal the prevention of injustice to absent parties resulting from litigating cases in their absence which, while not legally binding upon them, nevertheless factually affect their rights. Our courts have concluded that parties should be deemed indispensable only when that result is absolutely necessary to protect substantial rights. See State, Department of Highways v. Lamar Advertising Company of Louisiana, Inc., 279 So.2d 671 (La.1973).
Neither defendants nor the trial judge have provided us with any facts which indicate that any rights of Pisces, Inc., the absent party, would be affected by the litigation between plaintiff and defendants. We have reviewed the entire record before us and we conclude that whatever the result of the litigation between plaintiff and defendants, the rights of Pisces, Inc. will be unaffected.
If plaintiff should prevail against defendants, the nature of the judgment against Pisces, Inc. will not be altered, nor will any liability of the officers, directors or stockholders of Pisces, Inc. This is also true if defendants should prevail against plaintiff.
Defendants argue that plaintiff should be able to collect from Pisces, Inc., its directors, officers or stockholders. This may be true, but this does not preclude the assertion of plaintiff’s claim for damages based upon the alleged negligence or malpractice of defendants.
We conclude, therefore, that upon the showing made neither Pisces, Inc. nor its officers, directors or stockholders are indispensable parties to the present litigation. Accordingly, the judgment of the trial court is reversed, and defendants’ peremptory exception is hereby overruled. This matter is remanded to the district court for further proceedings not inconsistent with views here expressed. The defendants-respondents are to pay the costs incurred in connection with this proceeding in this court; all other costs to await final determination.
REVERSED AND REMANDED.