ON REHEARING
LOBRANO, Judge.
We granted rehearing in this matter to reconsider our original holding that the lessee was an indispensable party to these proceedings. After careful consideration, we conclude we were in error. Our original opinion accurately sets forth the facts of this case.
Article 641 of the Code of Civil Procedure provides:
“Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
No adjudication of an action can be made unless all indispensable parties are joined therein.”
The Louisiana compulsory joinder statutes place the entire emphasis upon the rights of the absent party. Raftery Elevator Corp. v. Maloney, 447 So.2d 634 (La.App. 4th Cir.1984). A party is deemed indispensable only when that result is absolutely necessary to protect substantial rights. Raftery, supra.
In the instant case plaintiff seeks to enforce an alleged guarantee made by defendant, Bruno to pay the debt of another. Although the principal (lessee) was not named as a defendant, plaintiff’s action can proceed against Bruno without prejudicing any of her rights. We therefore hold that the trial court was in error, and that the exception of lack of an indispensable party is without merit.
We also conclude that the allegations of the petition clearly state a cause of action. It is well settled that in determining the validity of an exception of no cause of action the court need only consider the allegations in the pleadings. Assuming each factual allegation contained therein to be true, the petition clearly states a cause of action.
For the reason assigned herein, this matter is reversed and remanded for further proceedings.
REVERSED AND REMANDED.