GARRISON, Judge,
dissenting in part.
I respectfully dissent.
In Raftery Elevator Corp. v. Maloney, 447 So.2d 634, 635 (La.App. 4th, 1984), Ciaccio, J. as organ of the Court stated:
“La.C.C.P. art. 641 defines indispensable parties and requires their compulsory joinder. The article provides:
‘Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
No adjudication of an action can be made unless all indispensable parties are joined therein.’
“Great care must be exercised to insure a proper factual analysis of a party’s interest in a case before a determination of the party’s classification is made. Classification as an indispensable party should be applied only after the facts clearly establish that no complete and equitable adjudication of the CONTROVERSY can be made in the party’s absence.
The Louisiana compulsory joinder statutes place the entire emphasis upon the rights of the absent party. Our Code article has as its goal the prevention of injustice to absent parties resulting from litigating cases in their absence which, while not legally binding upon them, nevertheless factually affect their rights. Our courts have concluded that parties should be deemed indispensable only when that result is absolutely necessary to protect substantial rights. See State, Department of Highways v. Lamar Advertising Company of Louisiana, Inc., 279 So.2d 671 (La.1973).
Neither defendants nor the trial judge have provided us with any facts which indicate that any rights of Pisces, Inc., the absent party, would be affected by the litigation between plaintiff and defendants. We have reviewed the entire record before us and we conclude that whatever the result of the litigation between plaintiff and defendants, the rights of Pisces, Inc. mil be unaffected.
If plaintiff should prevail against defendants, the nature of the judgment against Pisces, Inc. will not be altered, nor will any liability of the officers, directors or stockholders of Pisces, Inc. This is also true if defendants should prevail against plaintiff.” (Emphasis added).
Would Sherrie Gary’s rights “... be so directly affected by the judgment ...” if judgment were rendered in favor of the landlord? Yes, because Gary would no longer owe the alleged back due rent amount. Clearly her rights in the lease are directly affected by such a judgment.
Can a “complete and equitable adjudication of the controversy ... be made in (her) absence”? No. Without Gary, the court would not know if the rent has been already paid and the landlord is seeking to “double dip.” Without Gary, the court would not know if Gary attempted to partially abate the rent as a result of defective living conditions or repairs that she made to the premises and deducted from the rent.
Can it truly be said that “whatever the results of the litigation ..., the rights of (Gary) will be unaffected”?
Thus under Raftery, above, the writer would follow the original majority opinion.