KNOLL, Judge.
The issue of this appeal is whether a party-defendant can defeat a partition by licitation of immovable property by a peremptory exception of nonjoinder of an indispensable party and, if so, what proof is necessary when the status of the indispensable party rests on a question of legitimate filiation.
Andrew J. Fowler (hereafter Fowler) purchased the interests of a number of persons who inherited immovable property from Sam Deal, Sr. Those persons whose interests Fowler could not purchase were made parties-defendants (hereafter defendants) in an action to partition immovable property by licitation. Defendants interjected an exception of nonjoinder of indispensable parties, alleging that Sam Deal III, an heir of Sam Deal, Sr., died leaving two children, Patricia Deal and Sam Deal IV, from his second marriage; that the interests of those two children in the property being partitioned were not purchased by Fowler; and these co-owners were not made parties-defendants in the partition action. Denying defendants’ exception, the trial court ruled that the result of the action for partition would not be affected by the exclusion of Patricia Deal and Sam Deal IV because, even after the judicial partition, they would remain co-owners of the property with whomever purchased the land. Defendants appeal, contending the trial court erred in its denial of the peremptory exception. We affirm, finding no error in the trial court’s ruling and further that defendants failed to sufficiently prove
*1084 Patricia Deal and Sam Deal IV were indispensable parties.
LSA-C.C.P. Art. 641 provides:
“Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
No adjudication of an action can be made unless all indispensable parties are joined therein.”
The classification of a party as indispensable may be applied only after the facts clearly establish that no complete and equitable adjudication of the controversy can be made in his absence. State, Dept. of Hwys. v. Lamar Advertising Co. of La., Inc., 279 So.2d 671 (La.1973). Likewise it is axiomatic that courts are without power to adjudicate the rights of a person who is not a party to the litigation or appropriately represented. Carline v. Camp, 415 So.2d 216 (La.App. 1st Cir.1981), writ denied, 420 So.2d 454 (La.1982).
The trial court concluded that even if Patricia Deal and Sam Deal IV were co-owners, they were not indispensable to an adjudication of Fowler’s action. We agree. Louisiana law does not require that all co-owners be joined in order to make the partition by licitation binding on those co-owners who are parties to the suit. LSA-R.S. 13:4985 provides:
“Where real property is partitioned, either in kind or by licitation, by either judicial or conventional partition the fact that one or more co-owners are not parties thereto shall not affect the validity of such partition as to the co-owners who are parties thereto or their heirs or assigns; provided that the rights of any co-owner not a party to such partition shall not be affected thereby and the interest of such co-owner in the property partitioned shall remain the same as if the property had not been partitioned.”
Therefore, we conclude that the trial court properly denied defendants’ peremptory exception. See, Lewis v. Bell, 137 So.2d 706 (La.App. 3rd Cir.1962).
Fowler contends that defendants did not prove the requisite heirship to qualify Sam Deal Ill’s children from his second marriage as indispensable to the partition.
At trial on the merits Gloria Jean Deal lies, Sam Deal Ill’s sister, and Jeanette Reed, Sam Deal Ill’s niece, testified over the hearsay objection of Fowler. After thoroughly reviewing the record it is clear that this- testimony was inadmissible hearsay.
In Raftery Elevator Corporation v. Ma-loney, 447 So.2d 634 (La.App. 4th Cir.1984), our brethren of the Fourth Circuit stated:
“Great care must be exercised to insure a proper factual analysis of a party’s interest in a case before a determination of the party’s classification is made. Classification as an indispensable party should be applied only after the facts clearly establish that no complete and equitable adjudication of the controversy can be made in the party’s absence.
The Louisiana compulsory joinder statutes place the entire emphasis upon the rights of the absent party. Our Code article has as its goal the prevention of injustice to absent parties resulting from litigating cases in their absence which, while not legally binding upon them, nevertheless factually affect their rights. Our courts have concluded that parties should be deemed indispensable only when that result is absolutely necessary to protect substantial rights. See State, Department of Highways v. Lamar Advertising Company of Louisiana, Inc., 279 So.2d 671 (La.1973).”
In the case sub judice, we conclude that defendants did not engage in a close factual analysis sufficient to establish that the alleged heirs of Sam Deal Ill’s alleged second marriage were in fact indispensable to this litigation. The record is void of any evidence to support defendants’ position and we consider the hearsay testimony as insufficient proof and nothing more than mere conjecture.
In Succession of Jacobsen, 182 La. 151, 161 So. 185 (1935), the Louisiana Supreme Court stated:
“From an examination of article 193 et seq. of the Civil Code and the above *1085 quotation from the opinion of the court, we can come to but one conclusion, and that is that legitimate filiation can be proved, and the best evidence to prove it is the register of births and baptisms, and it is only in the absence of such registration, either if lost or destroyed or not made, that ‘it suffices for the child to show that he has been constantly considered as a child bom during marriage.’ * * * ” (Emphasis added.)
See also Succession of Rockwood, 231 La. 521, 91 So.2d 779 (1956).
In the present case no documentary proof either of Sam Deal Ill’s second marriage nor birth records of the two children alleged to be indispensable to this action was presented, and there was no testimony that this documentary proof was lost, destroyed or not made. It is insufficient that an absent third party may affect the rights one of the litigants alleges he has; the mover bears the burden of proving the party is an indispensable party. State, Dept, of Hwys., supra. Therefore we also hold that the defendants failed to produce evidence sufficient to find the alleged children of Sam Deal Ill’s alleged second marriage are indispensable parties.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendants.
AFFIRMED.