532 So.2d 264 (1988)
George Robert MUNSTERMAN Plaintiff-Appellee,
v.
Charles L. CRAWFORD, et al., Defendants-Appellants.
No. 87-676.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1988.
Writ Denied January 6, 1989.
*265 Gist, Methvin, Hughes & Munsterman, John W. Munsterman, Alexandria, A. Gaynor Soileau, Ville Platte, for plaintiff-appellee.
Leroy H. Scott, Jr., Shreveport, for defendants-appellants.
J. Jake Fontenot, Mamou, Edwin L. Lafargue, Marksville, Alex D. Chapman, Ville Platte, for defendant-appellee.
Before DOMENGEAUX, KNOLL and KING, JJ.
DOMENGEAUX, Judge.
George Robert Munsterman, as the owner of an undivided 14/35th interest in approximately 175.7 acres of land in Evangeline Parish, Louisiana, instituted these proceedings seeking a partition by licitation. Munsterman named as defendants, sixty-three individuals, many of whom were absentees necessitating the appointment of counsel to represent their interests. The property in question was described by the plaintiff as:
The West Half of the West Half (W½ of W½) of Section Twenty Two (22), Township One South (T1S), Range One East (R1E), containing 160.7 acres, more or less, and 15 acres located in and being the Southwest Corner of the Southeast Quarter of the Southwest Quarter (SE¼ of SW¼) of Section Twenty-Two (22), Township One South (T1S), Range One East (R1E). *266 Subsequent to trial on the merits, judgment was rendered in favor of the plaintiff and the property was ordered partitioned by licitation.
Munsterman discovered during an inspection of the property, subsequent to the institution of this action, that certain portions of the property were infested by Southern Pine Beetles. The plaintiff, allegedly with the consent of eighty-five percent (85%) of the co-owners, cut the infested and dead timber and that timber which was necessary to create a buffer zone to prevent further infestation. The salvaged timber was sold for $60.00 per thousand board feet returning the sum of $24,165.36 which Munsterman deposited, in accordance with a Court Order, into the registry of the Court.
The appellants in this appeal are the members of four families, the Crawford, Scott, DeBlieux and DeVille families, who collectively are alleged to own 87.5 acres or one-half of the property ordered partitioned. The appellants have repeatedly made known their desire not to have the property partitioned by licitation and suggest that the judgment ordering the property sold at public auction be reversed for the following reasons:
(1) The Trial Court erred in ordering the property partitioned because all of the record owners of the property, allegedly indispensible parties, were not made parties to the suit;
(2) The Trial Judge abused his discretion in ordering the property partitioned by licitation, rather than partitioned in kind; and
(3) The Trial Court erred in ordering a distribution of the $24,165.36 deposited into the registry of the Court because no one was cited to assert their ownership to the money and no evidence was brought forth addressing the rightful distribution.
The appellants' initial issue on appeal, and a peremptory exception filed subsequent to oral argument, suggests that the entire partition proceeding should be declared null as to all parties because some alleged co-owners were not made parties to the proceedings. The appellants offered as support for their position the Louisiana Supreme Court decision in the case of Latham v. Glasscock, 160 La. 1089, 108 So. 100 (1926). The Court in Latham held that a lower court judgment rendered in a partition action was null as to all persons because some of the persons affected by the judgment were not made parties to the proceedings. The appellants noted with particular emphasis the judgment was rendered null as to all persons not just those not made parties.
Subsequent to a thorough review of the law and the jurisprudence addressing this issue, we must decline to adopt the appellants' position. La.R.S. 13:4985 et seq., legislatively overruled the Latham decision. La.R.S. 13:4985 (1952) provides:
Where real property is partitioned, ... the fact that one or more co-owners are not parties thereto shall not affect the validity of such partition as to the co-owners who are parties thereto or their heirs or assigns; ...
We, therefore, conclude that even if some co-owners were not cited and made parties to the District Court proceedings, the judgment of the lower court is not null as to those persons who were made parties. See, Brodnax v. Williamson, 417 So.2d 74 (La.App. 3rd Cir.1982); Lewis v. Bell, 137 So.2d 706 (La.App. 3rd Cir.1962); Tucker v. Kelly, 506 So.2d 730 (La.App. 1st Cir. 1987).[1]
The appellants' second assignment of error challenges the decision of the Trial Judge ordering the property partitioned by licitation. The appellants, expressing a desire to simply keep their land, argue that the Trial Judge abused his discretion when *267 he failed to order the property partitioned in kind, particularly since partitions in kind are favored. Tri-State Concrete Company, Inc. v. Stephens, 406 So.2d 205 (La. 1981); La.Code Civ.Proc. art. 4606 (1960). We have reviewed the trial record and do not believe that the Trial Judge abused his discretion. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The law provides that, absent special circumstances, no one may be compelled to hold property in indivision with another. La.Civ.Code arts. 1289 (1870) and 1308 (1870) (amended 1871). Partitions may always be sought and when property is indivisible by nature or cannot be conveniently divided, partition by licitation may be ordered. La.Civ.Code arts. 1339 (1870) and 1340 (1870).
The jurisprudence advises us that in order to effect a partition in kind "the property must be divided into lots of equal or nearly equal value" and that there must be as many lots as there are shares or roots involved. Tri-State Concrete Company, Inc., supra, at 207. The testimony of the experts in the instant case, which advised the Trial Court of the different site classes of the soil, the different types of timber, of the hills and hollows, the location of drains and roads and the areas effected by the Southern Pine Beetle infestation, strongly indicate that it would be impossible to divide the land into the number of lots necessary considering the numerous ownership interests involved. Although the appellants, owners of an aggregate one-half of the interests involved, state that they would gladly accept either the north or south half or the east or west half, which the evidence indicates are roughly equal in value, the jurisprudence does not authorize us to permit such a partition. See, Tri-State Concrete Company, Inc., supra.
The appellee is also entitled to have the property partitioned by licitation pursuant to La.Code Civ.Proc. art. 4621 (1960).
Article 4621 provides:
When one of the co-owners of property sought to be partitioned is an absentee, the partition may be effected by licitation, as provided in this Chapter, whether the property is divisible in kind or not.
Numerous co-owners named as defendants by the plaintiff were absentees represented by Court appointed counsel, thereby, entitling the appellee to partition by licitation. See also, La.Code Civ.Proc. arts. 4625 (1960) and 4630 (1960).
The final issue on appeal calls into question the propriety of the distribution of the funds deposited in the Court registry subsequent to the efforts to eliminate the Southern Pine Beetle infestation. The appellants suggest that the issue of the ownership of the money was never before the Trial Court because no parties were cited to appear and assert that "not one word was said at the trial about these funds."
Although we believe the testimony of the experts inferentially addressed the issue of the funds, and that the appropriate distribution should be in accordance with the proportional interest of each co-owner, we do not believe the issue is properly before us. La.Code Civ.Proc. art. 2083 (1960) (amended 1984). The Trial Court addressed the distribution of the funds in its "Reasons for Judgment", however, the Judgment is void of any decree addressing the money. We have sought to resolve this matter in a manner which would enable the parties to avoid the additional time and expense of protracted litigation, particularly since the apparent distribution will be of no surprise to any of the litigants, however, we do not believe it would be procedurally appropriate for us to render any judgment on this assignment of error.
For the above and foregoing reasons, the judgment of the District Court ordering the property described in the plaintiff's petition partitioned by licitation is affirmed. The peremptory exception of non-joinder of indispensable parties filed by the appellants subsequent to their appeal is denied.
All costs of this appeal are assessed against the appellants.
AFFIRMED.
NOTES
[1] R.S. 13:4985 further provides:

[t]hat the rights of any co-owner not a party to such partition shall not be affected thereby and the interest of such co-owner in the property partitioned shall remain the same as if the property had not been partitioned.
We have not been called upon to address the rights of any alleged co-owner not a party to the proceedings and we, therefore, reserve judgment on their rights.