PEATROSS, J.
I,This case surrounds the rights to a Claiborne Parish, Louisiana property (hereinafter, “the Pickens property”) which was sold at Sheriffs sale following a partition by licitation. A dispute arose after the Entrada Company, L.L.C. (“En-trada”) purchased a 7/72nd interest in the Pickens property and sought partition without (allegedly) naming several eo-owners thereto. Quantella Moore, et al. (“Appellants”), responded to the partition, asserting their rights in the Pickens property. After a trial on the merits, the trial judge granted a partition by licitation (and the Sheriffs sale ensued). From this ruling, the Appellants took a devolu-tive appeal. For the reasons set forth herein, we affirm.

FACTS

Entrada is a buyer and seller of properties in rural parishes of Louisiana. Its managing members are James Steele, III, and Robert McCormick. On June 30, 2000, Mr. Steele purchased an (alleged) undivided 7/72nd interest of the Pickens property. On September 4, 2001, he sold the Pickens property to Entrada. On September 30, 2002, Entrada filed a Petition for Partition of Immovable Property by Licitation against several of the co-owners, alleging that it was the undivided owner of the 7/72nd interest in said property. On March 3, 2003, Appellants filed an Answer alleging, inter alia, that many of the defendants listed in Entrada’s petition were now deceased and that all of the interested heirs were not listed.[1]
li>Qn February 13, 2004, Appellants filed a Peremptory Exception of Non-Joinder of an Indispensable Party, under La. C.C.P. arts. 641 and 642. At this juncture, they also made a Constitutional challenge *1057 to La. R.S. 13:4985. On March 10, 2004, a hearing was held and the exception was denied by the trial court. In its Reasons for Judgment, the trial court relied on Fowler v. Iles, 517 So.2d 1083 (La.App. 3d Cir.1987), a factually similar case, in which the appellate court affirmed the lower court’s denial of a similar exception. The trial court also denied the Constitutional challenges, stating that La. R.S. 13:4985 was “constitutional until the Supreme Court tells us its not.”
On July 9, 2004, Appellants appealed the trial court’s denial to this court and, ten days later, Entrada filed an opposition and an Order for Devolutive Appeal alleging that the judgment was not final and that an interlocutory judgment could be appealed only if there was a showing of irreparable injury. Accordingly, Entrada argued that no such showing was | ¡¡made by Appellants in this case. On October 14, 2004, this court dismissed the case because the appeal was “interlocutory and the appellants made no showing of irreparable harm.”
A trial on the merits commenced on January 13, 2005, and concluded on May 12, 2005. On July 20, 2005, the trial court granted the partition by licitation of the Pickens property, relying on La. C.C.P. art. 4625. In its Reasons for Judgment, the court stated:
The plaintiffs herein proved at the trial that they were co-owners, they also testified that they did not want to be co-owners in indivisión any longer, and they also proved that the property could not be divided in kind without diminution in its value and they proved that at least one of the co-owners was a nonresident of the State of Louisiana. Therefore, it is this Court’s determination that the plaintiffs herein have proved by a preponderance of the evidence that the partition by licitation should be ordered.
A judgment was signed on December 15, 2005; and, on February 15, 2006, the Appellants sought a devolutive appeal with this court.
Entrada then advertised the Pickens property up for sheriffs sale at public auction without the benefit of appraisement. On April 26, 2006, in a bidding contest between Mr. Steele and LaFaye Jackson, the latter won the entire tract at a price of $182,000.
After the matter had been added to this court’s docket, Entrada filed a Motion to Dismiss the matter as moot. We have elected to refer said motion to the merits.[2]
I ¿DISCUSSION

Issue One (verbatim): Whether LSA-R.S. 13:4985 violates the Due process Clauses of Article 1, §§ 2 and 4 of the Louisiana State Constitution and the Fourteenth Amendment of the United States Constitution and is Void-for Vagueness? And, alternatively, whether Appellants’ Peremptory Exception of Non-Joinder of an Indispensable Party Under Articles 641 and 642 should have been granted?

Issue Two (verbatim): Whether the trial court erred in granting Entrada’s partition by licitation?[3]
Appellants first assert that Entrada only filed suit “against some of the co-owners to judicially partition the land.” (Emphasis Appellants’). They claim that a simple title search would have revealed the unnamed co-owners. Accordingly, Appel *1058 lants argue that Entrada’s petition should be dismissed, due to non-joinder of certain parties, per La. C.C.P. arts. 641 and 642, which state:
Art. 641. Joinder of parties needed for just adjudication
A person shall be joined as a party in the action when either:
(1) In his absence complete relief cannot be accorded among those already parties.
(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest.
(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.
[[Image here]]
Art. 642. Determination by court whenever joinder not feasible
|BIf a person described in Article 641 cannot be made a party, the court shall determine whether the action should proceed among the parties before it, or should be dismissed. The factors to be considered by the court include:
(1) To what extent a judgment rendered in the person’s absence might be prejudicial to him or those already present.
(2) The extent to which the prejudice can be lessened or avoided by protective provisions in the judgment, by the shaping of relief, or by other measures.
(3) Whether a judgment rendered in the person’s absence will be adequate.
(4) Whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
Appellants assert that the purpose of the nonjoinder of an indispensable party articles of the Code of Civil Procedure — articles 641 and 642 — is to protect an absent party from prejudice and harassment and to prevent repeated litigation.
Similarly, they argue that La. R.S. 13:4985 is unconstitutional. La. R.S. 13:4985 states:
§ 4985. Nonjoinder of co-owners
Where real property is partitioned, either in kind or by licitation, by either judicial or conventional partition the fact that one or more co-owners are not parties thereto shall not affect the validity of such partition as to the co-owners who are parties thereto or their heirs or assigns; provided that the rights of any co-owner not a party to such partition shall not be affected thereby and the interest of such co-owner in the property partitioned shall remain the same as if the property had not been partitioned.
Appellants contend that this statute is vio-lative of Article 1, §§ 2 and 4 of the Louisiana Constitution and the Due Process Clause of the United States | (¡Constitution. See, e.g., Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). They note that, prior to the enactment of the aforementioned statute, Louisiana courts uniformly held that a failure to properly join any co-owner in a partition proceeding invalidated the proceeding as to all co-owners. See, Johnston v. Burton, 202 La. 152, 11 So.2d 513 (1942); Amerada Petroleum Corp. v. Reese, 195 La. 359, 196 So. 558 (1940). They note that, since the statute came into existence, some courts have refused to order a party to be joined in a partition proceeding, notwithstanding the language of La. R.S. 13:4985, supra. See, Brodnax v. Williamson, 82-39 (La.App. 3d Cir.1982), 417 So.2d 74.
*1059 Appellants also argue that, by successfully bidding at the Sheriffs sale, Mr. Jackson took the deed of ownership and now has the potential of acquiring the entirety of the Pickens property under ten-year acquisitive prescription. They cite La. C.C. art. 3474, which states:
This prescription runs against absent persons and incompetents, including minors and interdicts.
Similarly, La. C.C. art. 3475 states:
The requisites for acquisitive prescription of ten years are: possession of ten years, good faith, just title, and a thing susceptible of acquisitive prescription.
From this, Appellants state that Mr. Jackson could potentially fall into ownership of the entirety of the Pickens property even though several unnamed co-owners were never made aware of the Sheriffs sale.
17Appellants also argue that the trial court’s ruling in this matter constituted a “blatant violation” of the Due Process Clause guaranteed by the U.S. Constitution and the Louisiana Constitution. They claim that several of the co-owners to this case had no idea that a Sheriffs sale was going to occur and that their respective property interests were going to hang in the balance. Appellants asserts that La. R.S. 13:4985, supra, also adversely affects the substantive rights of parties to a suit by allowing a plaintiff the “luxury of choosing his adversary.” They theorize that the statute allows a potential plaintiff to sue the least wealthy among defendant/property owners, thus forcing the highest bid on a piece of property to be relatively low and leaving the defendant/property owner with a small share of the sale proceeds.
Appellants further argue that, under La. R.S. 13:4985, supra, plaintiffs could conspire and “selectively discriminate and litigate against the remaining co-owners when they want those co-owners out of the property.” Appellants note that their Answer to Entrada gave the names of several potential co-owners, many of whom are now deceased. Despite being made aware of this, Entrada never amended its petition to include those potential co-owners, nor did it undertake any further discovery regarding other potential co-owners. They assert that this action by Entrada amounted to “selective litigation.”
Appellants further argue that La. R.S. 13:4985, supra, is unconstitutionally vague. They cite Groome Resources Ltd., L.L.C. v. Parish of Jefferson, 234 F.3d 192 (5th Cir.2000), which held that a statute |Ris unconstitutionally vague if it does not give a “person of ordinary intelligence a reasonable opportunity to know what is prohibited.” Accordingly, Appellants state that La. R.S. 13:4985, supra, is unconstitutionally vague because it does not address what happens to co-owners’ interest who were not parties to the partition suit; and, further, it does not address what is to become of the undivided interests that are to be partitioned. They state that the statute is vague in that it “really is no rule at all.”
In their second issue, Appellants argue that the trial court erred when it ordered a partition by licitation of the Pickens property. They state that La. C.C.P. art. 4625, supra, means that an absentee co-owner must be made party to a suit and represented by a curator ad hoc. Appellants cite La. C.C.P. art. 4622, which states:
The petition for the partition of property in which an absentee owns an interest, under the articles of this Chapter, shall allege the facts showing that the absent and unrepresented defendant is an absentee, as defined in Article 5251, shall describe the property sought to be partitioned and allege the ownership interests thereof, and shall be supported by an affidavit of the petitioner or of his *1060 counsel that the facts alleged in the petition are true.
From this, Appellants assert that Entrada failed to list all of the absentee defendants and their respective ownership interests. They argue that several co-owners’ respective interests seem to have “vanished” into thin air.
Appellants further argue that the experts in this case, Mr. Toft, Mr. Steele and Charles Smith, were “clearly biased and prejudicial.” They note that the three men are close friends and that Mr. Toft is paid a monthly | stipend by Entrada to research titles. Appellants contend that Mr. Steele and Mr. Smith’s respective fields of expertise change “on a case-by-case basis.” They note that, in Entrada Co. v. Unopened Succ., 38,800 (La.App. 2d Cir.9/22/04), 882 So.2d 661, the two men were accepted as experts in “the valuation of undivided interests in real property.” To the contrary, however, in the case sub judice, their accepted field of expertise was in “buying and selling Louisiana immovable property.”
In summation, Appellants contend that La. R.S. 13:4985 should be declared unconstitutional because it adversely affects the rights of co-owners to partitioned land and, similarly, that their Peremptory Exception of Non-Joinder of an Indispensable Party should have been granted by the trial court.
Entrada responds that Appellants’ first assignment of error is without merit. It notes that the court in State Civil Serv. Com’n v. Dept. of Public Safety Dir., 03-1702 (La.4/14/04), 873 So.2d 636, held that statutes are presumptively valid and the constitutionality of a statute should be upheld whenever possible. Similarly, Allain v. Martco Partnership, 02-1796 (La.5/23/03), 851 So.2d 974, stated that, if there is any doubt as to the constitutionality of a statute, the issue must be resolved in favor of its constitutionality unless the opponent clearly establishes the constitutional aim was to deny the Legislature the power to enact such a statute.
Entrada next submits that the arguments of Appellants in this matter can be compared to a four-legged stool. It notes that a “stool is only solid if its four legs are solid”; and, in turn, the four argument legs of Appellants in |inthis case are defective. Entrada states that Appellants’ first argument (that other co-owners were not included in the suit) is misplaced and that Appellants could have added those parties at any time in the suit by filing an incidental demand, per La. C.C.P. art. 1031(A). This article provides:
A. A demand incidental to the principal demand may be instituted against an adverse party, a co-party, or against a third person.
Accordingly, Entrada asserts that, if the addition of all of the co-owners to this suit was so imperative, they could have added them by filing an incidental demand.
Entrada further notes that the joinder of a co-owner to property is governed by La. R.S. 13:4989, which states:
Nothing in R.S. 13:4985 through R.S. 13:4990 shall prevent any court in any judicial proceeding in which real property is sought to be partitioned, upon proper motion or exception, from ordering that any co-owner not then a party be joined as a party thereto.
From this, Entrada notes that nothing in either of the code or the statute provisions requires the joinder of alleged co-owners to be made by a plaintiff who is suing for partition. It further argues that Appellants’ assertions regarding the alleged co-owners are “disingenuous” because they (rather than Entrada) were in a better position to determine the existence of other co-owners.
*1061 Entrada further states that Appellants’ argument regarding the “luxury of choosing its adversary” is misplaced. It states that the aforementioned codal and statutory provisions actually deprive Entrada of any luxury of Inchoosing its adversary because the Appellants could have added any additional co-owners to the suit at any time. Accordingly, Entrada asserts the “first leg” of the Appellants’ stool is defective and should be rejected by this court.
Entrada next argues that the alleged unnamed co-owners are not left in a worse condition as a result of the partition by licitation in this case. It argues that those individuals may actually be in a better position as they have not lost any of their interest in the Pickens property. Entrada contends that, under La. R.S. 13:4985, any co-owners who owned an undivided interest in the property prior to the filing of this partition suit still own that exact same undivided interest in the property. This means (according to Entrada) that there could feasibly be “a fewer number of co-owners who jointly owned the property with non-joined co-owners.” Accordingly, Entrada claims that this “second leg” of the Appellants stool is defective and should be rejected.
Entrada next asserts that the result of the partition by licitation did not convey any portion of the interest of any (alleged) co-owner (not a party to this suit) to anyone. Accordingly, it contends that the winning bidder, Mr. Jackson, did not acquire (by just title) any interest of a non-joined co-owner. Entrada states that, as a result, any non-joined co-owner’s interest in the Pickens property would be lost by an acquisitive prescription of 30 years, rather than 10, as argued by Appellants.
Entrada next responds to Appellants’ assertion that several unnamed, nonjoined co-owners exist. It states that the only expert witness to testify h ¡.regarding this issue was Myron Toft. Entrada notes that Appellants offered no evidence to contradict Mr. Toft’s testimony as to who was (allegedly) an unnamed co-owner in this case; and, thus, his was uncontradicted expert testimony. It cites Fowler, supra, which, as discussed at length, supra, held that Louisiana law does not require that all co-owners be joined in order to make a partition by licitation binding on those co-owners who are parties to the suit. Entra-da bolsters its position by referencing Munsterman v. Crawford, 532 So.2d 264 (La.App. 3d Cir.1988), writ denied, 535 So.2d 743 (La.1989), which held that the judgment of the trial court was not null as to those persons who were made parties, even if some co-owners were not named parties to the underlying suit.
Entrada responds that three facts should be noted with regard to Appellants’ second assignment of error: first, Appellants offered no evidence or expert testimony as to how the Pickens property could be divided in kind and thereby eliminate the need for partition by licitation; second, they (Appellants) offered no evidence to contradict Mr. Steele’s expert testimony regarding the land itself; and, three, any ownership of mineral rights has no relevance as to who owned the undivided interest in the Pickens property.
Entrada argues that, because Appellants never offered partition in kind as a potential resolution of the litigation surrounding the Pickens property and never contradicted any expert witness’ testimony, the only logical conclusion was a partition by licitation. It states that the trial court was in the best position to assess the credibility of the witnesses to this case j13and made its judgment accordingly. From this, it states that there is no other way to divide the property, except to partition by licitation.
*1062 In summation, it contends that the trial judge was correct by ruling in favor of Entrada and, thus, granting the partition by licitation and resultant Sheriffs sale. We agree.
Our review of the record in the case sub judice reflects that the trial judge was correct in ruling in favor of Entrada and allowing the partition by licitation and Sheriffs sale. We find Munsterman, supra, and Fowler, supra, to be instructive in this matter. In Munsterman, supra, the third circuit stated:
We, therefore, conclude that even if some co-owners were not cited and made parties to the District Court proceedings, the judgment of the lower court is not null as to those persons who were made parties. (Citations omitted; emphasis ours.)
The Munsterman court went on to uphold the validity of La. R.S. 13:4985, supra, as a vehicle to provide partition by licitation, even if all co-owners were not joined.
In Fowler, supra, a factually similar case, the third circuit provided the following, very similar analysis:
Louisiana law does not require that all co-owners be joined in order to make the partition by licitation binding on those co-owners who are parties to the suit. (Emphasis ours.)
The Fowler court went on to state that a party defendant could not defeat a partition by licitation of immovable property with a peremptory exception of nonjoinder of an indispensable party. The third circuit went on to rule that, per La. C.C.P. art. 641, not all co-owners must be joined in order to make a partition by licitation binding upon those who are joined to a suit. [ uThe same operative situation arises before us in the case at bar. The non-joinder of the numerous (alleged) co-owners/heirs to the Pickens property are unaffected in that the partition by licitation and resultant Sheriffs sale was only binding upon those named party to the underlying litigation.
The record in the case sub judice further reflects that La. R.S. 13:4985, supra, is not void for vagueness. We note the language set forth in the Louisiana Supreme Court’s decision in Attain, supra, which stated:
In considering the constitutionality of a statute, jurisprudence recognizes the general presumption of a statute’s constitutionality. The party that challenges the statute’s constitutionality carries the burden of proving by clear and convincing evidence specific constitutional infirmities. (Citations omitted; emphasis ours.).
In the case at bar, our reading of the language in the statute is clear and, as discussed at length, supra, La. R.S. 13:4985 is meant to outline the precise situation which occurred in this case, i.e., that the fact that one or more co-owners to property are not named in litigation surrounding the case does not affect the validity of a partition to those who are involved in the same litigation. For these reasons, we reject both issues set forth by Appellants in this case.

CONCLUSION

For the reasons set forth in this opinion, the judgment of the trial court granting a partition by licitation of the Pickens property, in favor of Entrada Company, L.L.C., is affirmed. Costs of this appeal are assessed to Quantella Moore, et al.
AFFIRMED.

.The following represents the full list of (alleged) heirs to the Pickens property, according to Appellants' brief:
1. The heirs of Willie Pickens (who passed away shortly after this litigation commenced)
2. The heirs of Roy Lee Ferrell
3. The heirs of Perry C. Ferrell
4. The heirs of Maggie Pickens Copes
5. The heirs of Eddie Pickens
6. The heirs of Minnie Pickens Smith
7. The heirs of Amos Pickens
8. The heirs of Moses Pickens
9. The heirs of Will Pickens
10. The heirs of John C. Pickens, Jr.
11. The heirs of Minnie Pickens Smith (we note that this name is listed twice)
12. The heirs of Grady Pickens, namely Kenneth D'Wayne Smith
13. Rosie Lee Crawford Pickens — an alleged co-owner of the Pickens property. See generally, In re Succ. of Otis Lee Pickens, docket No. 5891.
14. James Pickens — an heir of John Pickens, Sr., who is now deceased, but has children.
15. Dennie Pickens
16. Hattie Lee S. Tate
17. Johnnie Lee Pickens

. See, infra, for further discussion.

. We have elected to combine these issues for the purposes of this opinion.