EDWIN A. LOMBARD, Judge.
hThe Appellant, Linda Ogden Stewart, seeks review of the September 13, 2013 judgment of partition of the trial court. Finding that the district court committed a legal error in partitioning the property, we reverse and remand.
Lee Etta Bonvillian (“Ms. Bonvillian”) and her husband, Dave Robert Ogden (“Mr. Ogden”) purchased a home located at 2620 Milan Street (“the Property”), in New Orleans. The couple had four children: Robert Ogden (“Robert”), William Louis Ogden (‘William”), Peter Frederick Ogden (“Peter”), and Linda Ogden Stewart (“Ms. Stewart”). Ms. Bonvillian died on October 11, 1965, and her succession was opened on December 22, 1965. Mr. Ogden obtained a usufruct over Ms. Bon-villian’s undivided one-half interest in their community property. Robert, William, Peter and Ms. Stewart acquired an undivided naked ownership interest in their mother’s share of the community property, including the Property, obtaining an overall undivided 12.5% interest each in the Property.
*1182 Ms. Stewart alleges that she remained on the Property as a child, but moved out as an adult. She moved back into the Property in 1991, when her father became ill. Subsequently, her father, Mr. Ogden died testate on February 19,1991. Pursuant to his Last Will and Testament, he granted the entirety of his estate to his 12surviving children: William, Peter, and Ms. Stewart. Robert predeceased his father and left two surviving children, who were excluded from the will of Mr. Ogden. On May 7, 1991, a Judgment of Possession was signed and as a result William, Peter, and Ms. Stewart each obtained an approximate 29% undivided interest in the Property overall, totaling 87.5%. The remaining 12.5% undivided interest in the Property was retained by Robert’s heirs.
After her father passed, Ms. Stewart began making improvements and renovating the Property, allegedly with the agreement of her surviving brothers. Ms. Stewart further alleges that said improvements and renovations were made with her financial resources.
Subsequently, both William and Peter died. William was survived by his three children, William L. Ogden, Jr. (‘William Jr.”), Janelle Ogden-Brown (“Ms. Brown”), and Melanie Ogden-Adams (“Ms. Adams”), all of whom inherited their father’s 29% undivided interest in the Property. Upon Peter’s death, his son, Timba-si Ogden, acquired his 29% interest in the Property by Judgment of Possession from Peter’s succession. Timbasi Ogden later transferred his interest in the Property to Ms. Stewart by Quit Claim deed recorded on April 14, 2010. Additionally, in May 2010, Robert’s heirs individually conveyed their interest in the Property to Ms. Stewart. Thus, by the end of May 2010, Ms. Stewart held an approximate 71% interest in the Property with the remaining interest belonging to William Jr., Ms. Brown and Ms. Adams.
Thereafter, Ms. Stewart filed a Petition for Partition against William, Ms. Brown and Ms. Adams. In her petition, Ms. Stewart sought to purchase the defendants’ interest in the Property and further sought reimbursement and financial assistance for maintenance of the Property. Although, all three defendants were | sserved, only Ms. Brown and Ms. Adams (hereinafter collectively referred to as “the Appellees”) answered the suit.
On the date of the trial, the only party to appear was Ms. Stewart, and as a result, the parties agreed to submit the matter on the briefs to be determined by the trial court. The trial court rendered judgment on September 13, 2013, and therein decreed as follows:
• The Appellees are entitled to 29% ownership interest in the Property;
• Ms. Stewart is entitled to a 71% ownership interest in the Property;
• The parties stipulate to the 2011 appraisal value of the Property in the amount of $225,000.00;
• The Appellees are entitled to 29% of the appraised value of the Property totaling $65,250.00;
• The Appellees are entitled to 29% of the Road Home proceeds received by Ms. Stewart, or $21,091.12; and
• Upon Ms. Stewart’s payment of the foregoing amounts to the Appellees, Ms. Stewart shall be awarded sole possession and ownership of the Property.
Ms. Stewart subsequently filed a motion for new trial, which was denied by the trial court. Thereafter, she timely filed the instant appeal, and raises four (4) assignments of error:
1. The trial court erred by failing to acknowledge and address William Jr.’s interest in the property.
*1183 2. The trial court erred by failing to award Ms. Stewart any amount entitled for reimbursements.
3. The trial court erred when it awarded a portion of the Road Home proceeds to the Appellees when the Road Home proceeds have to be utilized to repair the Property Land the value of the Property was thereby increased based on those repairs.
4. The trial court erred when it assessed enjoyment value to the benefit of the Defendants-Appellees, when the record does not reflect any evidence of Defendants-Appellees request or demand for possession or for rental payments.
Standard of Review
“A trial judge is afforded a great deal of latitude in arriving at an equitable distribution of the assets between co-owners.” Slimp v. Sartisky, 11-1677, p. 21 (La-App. 4 Cir. 9/17/12), 100 So.3d 901, 916, amended on reh’g in part (Oct. 11, 2012), writ denied, 12-2430 (La.1/11/13), 107 So.3d 616. The allocation or assigning of assets and liabilities in the partition of property is reviewed under the abuse of discretion standard. Id. (citing Legaux-Barrow v. Barrow, 08-530, p. 5 (La.App. 5 Cir. 1/27/09), 8 So.3d 87, 90, writ not considered, 09-0447 (La.4/13/09), 5 So.3d 152).
First Assignment of Error
In her first assignment of error, Ms. Stewart argues that the trial court erred by failing to acknowledge and address William Jr.’s interest in the Property as a party to the partition. She contends that although the Petition to Partition was mailed to William Jr., by Long Arm Service on June 1, 2011, the certified mail package was later returned to the counsel for Ms. Stewart as unclaimed; consequently, neither an answer nor any responsive pleadings were filed on behalf of William Jr. Ms. Stewart maintains that because said pleadings were never filed on his behalf, William Jr.’s interest in the Property was not terminated.
Ms. Stewart relies primarily upon the holding of the Second Circuit in Decca Leasing Corporation v. Torres, 465 So.2d 910, 913 (La.App. 2nd Cir.1985), where it was determined that “the law is clear that a defendant may not be [ ¡^allowed to defeat service by merely refusing to accept the letter containing the citation.” Ms. Stewart further argues that, although William Jr. was properly served and joined in the matter and failed to file an answer or responsive pleadings, personal service upon him is not required, just evidence of an affidavit attesting to service pursuant to La.Rev.Stat. 13:320s.[1] Id. She asserts that she filed such an affidavit on October 1, 2012, attesting to the steps she took to serve William Jr. with notice of the filing of the petition.
She argues that despite William Jr.’s failure to file an answer or responsive pleadings, his interest in the Property was not automatically terminated and he has the right to seek nullification of the partition judgment based on his omission from the same. Ms. Stewart contends that the trial court erred by failing to acknowledge and address his undivided 9.6% interest in the Property. Thus, she avers that the trial court committed a reversible error when it awarded the entire 29% undivided interest in the Property to the Appellees.
In response, the Appellees assert that because William Jr. was properly served, *1184 his failure to actively take part in the proceeding after properly being served amounts to a default. Further, the Appel-lees assert that William Jr. had the opportunity to assert arguments, request a new trial, and to file his own request for an appeal.
Pursuant to La. C.C.art. 811, “[w]hen the thing held in indivisión is not susceptible to partition in kind, the court shall decree a partition by licitation or by. | fiprivate sale and the proceeds shall be distributed to the co-owners in proportion to their shares.” In the instant matter, Ms. Stewart petitioned the trial court for the opportunity to purchase the 29% undivided interest of William Jr. and the Ap-pellees in the Property, but in the alternative, requested a partition by licitation or public sale.
However, La.Code Civ. Proc. art. 4602 provides that a partition must be judicial when a “party is an unrepresented absentee”. La.Code Civ. Proc. art. 5251(1) defines the term “absentee” as follows:
“Absentee” means a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who has not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state; or a person who may be dead, though the fact of his death is not known, and if dead his heirs are unknown.
As the Second Circuit has explained, article 5251 sets forth four (4) different categories for determining whether an individual is an absentee:
(1) non-residents of Louisiana;
(2) persons domiciled in Louisiana, but who have departed from this state and have not appointed an agent for service of process;
(3) persons whose whereabouts are unknown, or who cannot be found and served after a diligent effort, even though that person may be domiciled or actually present in the state; or
(4) a person who may be dead.
Hemavathy v. Shivashankara, 34,440, p. 4 (La.App. 2 Cir. 2/28/01), 782 So.2d 115, 118-19, writ denied, 01-1318 (La.6/22/01), 794 So.2d 790. It appears that William Jr. is an absentee because he is a non-resident of Louisiana and he could |7not be found and served after a diligent effort. Furthermore, the record reflects that he was unrepresented. Thus, the trial court was required to conduct a judicial partition, which it did.
Regarding Ms. Stewart’s contention that the trial court erred in proceeding with the partition of the Property without addressing William Jr.’s interest in the Property, we note that statutorily the failure to make. a co-owner a party in a partition proceeding is not an obstacle to partitioning real property under La.Rev.Stat. 13:4985, which provides that a partition is valid even if a co-owner is not made a party thereto.[2] La.Rev.Stat. 13:4985 states:
Where real property is partitioned, either in kind or by licitation, by either judicial or conventional partition the fact that one or more co-owners are not parties thereto shall not affect the validity of such partition as to the co-owners who are parties thereto or their heirs or assigns; provided that the rights of any co-owner not a party to such partition *1185 shall not be affected thereby and the interest of such co-owner in the property partitioned shall remain the same as if the property had not been partitioned.
However, in the instant matter, Ms. Stewart made William Jr. a party. Ms. Stewart was enabled to remedy William Jr.’s unrepresented absentee status by petitioning the trial court to appoint an attorney to represent him. We note that Comment (a) of the Official Revision Comments to La.Code Civ. Proc. art. 4602, supra, provides that the “[pjartition of property in which an unrepresented absentee has an interest must be made judicially, either under the provisions of this Chapter and of Art. 5091(1), infra, or under the provisions of Chapter 2 of this Title.” [Emphasis added]. La.Code Civ. Proc. art. 5091(A)(1)(a) states:
|rA. The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
(1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is:
(a) A nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has not waived objection to jurisdiction. [Emphasis added].
Moreover, Chapter 2 of Title IX, entitled Partition When Co-owner an Absentee, also states that an attorney or curator must be appointed to represent an absentee. Specifically, La.Code Civ. Proc. art. 4623, which is contained in Chapter 2 of Title IX, states:
When the petition for a partition discloses that the plaintiff is entitled thereto, and that the absent and unrepresented defendant is an absentee who owns an interest in the property, the court shall appoint an attorney at law to represent the absent defendant, and shall order the publication of notice of the institution of the proceeding.
The citation to the absent defendant and all other process shall be served on or service thereof accepted by the attorney at law appointed to represent him, and all proceedings shall be conducted contradictorily against this attorney. [Emphasis added].
The Third Circuit has further explained that certain procedures must be followed when an unrepresented absentee is a party to a judicial partition:
when an unrepresented absentee is a party to a judicial partition, it is required that the petitioner instituting the partition proceeding make that fact known to the court and the allegations contained in the petition must be supported by an affidavit of the petitioner or his counsel attesting to their verity. The court is then required to appoint an attorney to represent the absent defendant.
| Succession of Skye, 417 So.2d 1221, 1239 (La.App. 3rd Cir.1982), writ not considered sub nom., Succession of Skye v. Skye, 422 So.2d 161 (La.1982), and writ denied sub nom. Succession of Skye v. Skye, 422 So.2d 165 (La.1982).
Therefore, pursuant to both art. 5091 and art. 4623 of the Louisiana Code of Civil Procedure, an attorney should have been appointed to represent William Jr. because of his absentee status. Ms. Stewart was certainly empowered to petition the trial court to appoint a curator, but she did not. Procedurally, the trial court committed a legal error by failing to appoint an attorney to represent William Jr. prior to partitioning the Property. We find that the Property was insusceptible of being partitioned in the absence of a curator being appointed to represent William Jr. Thus, we reverse the judgment of partition *1186 and remand this matter to the trial court to appoint a curator to represent William Jr., at Ms. Stewart’s cost, and to conduct further proceedings. Lastly, in consideration of the need for the trial court to conduct a new trial, we pretermit discussion of the remaining assignments of error.
DECREE
For the foregoing reasons, the judgment of the trial court is reversed and this matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. La.Rev.Stat. 13:3205 provides in pertinent part:
a defendant does not have to personally sign the return receipt nor is personal service upon the defendant; however, proof of service or an affidavit attesting to such is required under this statute.

. See also Entrada Co., L.L.C. v. Moore, 41,-414, pp. 13-14 (La.App. 2 Cir. 8/9/06), 938 So.2d 1055, 1062 writ denied, 06-2232 (La. 1/8/07), 948 So.2d 123 (citing Munsterman v. Crawford, 532 So.2d 264 (La.App. 3d Cir. 1988), writ denied, 535 So.2d 743 (La.1989)).